A COUNT in a declaration in debt commenced as follows: Andrew P. Hay and others (naming them), being a body corporate and politic, known by the name of the board of trustees of the Clark county seminary, and being the regular successors in office of John C. Parker and others (naming them), were summoned to answer, &c. It then stated that the last named persons, Parker and others, being the board of trustees, &c., by an agreement sealed with the seals of the trustees last mentioned, promised, &c., that neither they, nor the defendants being their successors, had paid, &c.
Held, that this count was insufficient; that the addition to the defendants’ names of the words “being a body corporate, &c.,” was a mere descriptio personarum; that the defendants must be considered, under this count, as being sued in their in li vidual capacities, on a contract to which they were not *74 parties, and by which they were not bound. Held, also, that if, as the plaintiff contended, the agreement sued on was binding on the board of trustees of the Ciarle county seminary as a corporation, the suit should have been brought against the corporation by its corporate name.
Debt for $127. Two counts; the first showing no cause of action, and the second claiming only $27.00. Held, that a judgment in favour of the plaintiff for the amount claimed by both counts was erroneous.