M'HENRY and Another *v.* DUFFIELD.

*Duffield* brought an action of debt against *M'Henry, Tilford,* and *Ratts.* The first count was on an instrument of writing by which, as alleged, the defendants acknowledged themselves to be indebted to the plaintiff in a certain sum of money, on settlement, in full for joiner's work of the *New Washington Seminary.* The second count was founded on an instrument of writing in the following words : " *April* 6th, 1842. Due *John H. Duffield,* on settlement, the sum of 239 dollars in full for the joiner's work of the *New Washington Seminary.* (Signed) *James M'Henry, R. Tilford, F. Ratts,* Building Comm., in behalf of the Trustees of the *New Washington Seminary.*" *Held,* that such an instrument of writing as that set out in the second count, did not sustain the first count ; and that the second count showed no cause of action against the defendants. *Held,* also, that if the defendants were authorized to execute the instrument for the trustees, the suit should have been against the trustees ; and if the defendants were not so authorized, they were liable in an action on the case for acting in the matter without authority.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—This was an action of debt in which *Duffield* was plaintiff, and *M'Henry, Tilford,* and *Ratts,* were defendants. There are two counts in the declaration. The first is founded on an instrument of writing by which, as the count alleges, the defendants acknowledged themselves to be indebted to the plaintiff in a certain sum of money, on settlement, in full for joiner's work of the *New Washington Seminary.* The second count is founded on an instrument of writing as follows : " *April* 6th, 1842. Due *John H. Duffield,* on settlement, the sum of 239 dollars (in full) for the joiner's work of the *New Washington Seminary.* (Signed) *James M'Henry, R. Tilford, F. Ratts,* Building Comm., in behalf of the Trustees of the *New Washington Seminary.*"

The writ was returned "not found" as to *Ratts.* The other defendants pleaded *nil debent.* Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

On the trial, the plaintiff offered in evidence an instrument in writing corresponding with that described in the second count. The evidence was objected to, but was admitted. The defendants introduced the act incorporating the trustees of said seminary, and some other testimony. There was no

Nov. Term,
1843.

M'HENRY
v.
DUFFIELD.

evidence before the jury in support of the action, except the instrument of writing to which we have referred.

Assuming that the instrument in question, if legally executed, may be the foundation of a suit, of which, however, we give no opinion, we consider that it only purports to be the acknowledgment of the trustees of the *New Washington* seminary. The reason of this opinion is, that the instrument is executed by the defendants in behalf of those trustees, and states that it was given for work done on said seminary. The following authority supports this view of the case : Assumpsit against *James .S. Colburn* on the following note : "$301. *Boston,* 17th *March,* 1812. For value received, I promise to pay Mr. *Edward J. Long* or order, on demand, three hundred and one dollars, with interest after four months. *Pro William Gill.—J. S. Colburn.*" Plea, the general issue. The Court said, that it appeared on the face of the note itself, that the defendant was not to be considered as the promiser ; that he had signed his own name *pro William Gill ;* and that the plaintiff's remedy was against *Gill,* if *Colburn* had authority to make the promise for him ; and if he had not, a special action on the case would lie against *Colburn.* The plaintiff was accordingly nonsuited. *Long* v. *Colburn,* 11 Mass. 96.

No suit on the instrument before us can be sustained against the defendants, because it does not contain any acknowledgment by them individually. If they were authorized by the trustees to execute it, the suit should be against the trustees. If they were not so authorized, they are liable in case for acting in the matter without authority. *Ballou* v. *Talbot,* 16 Mass. 461.

The instrument, according to the view we have taken of it, does not support the first count ; and the second count, which sets it out *in hæc verba,* contains no cause of action against the defendants.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall,* for the plaintiffs.

*G. H. Dunn,* for the defendant.