May Term, 1846.

MEARS
v.
GRAHAM.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiff.

*W. P. Bryant*, for the defendant.

---

MEARS and Another *v.* GRAHAM and Others.

8b 144
0155 586

A note sued on was as follows: " $331,15. Ten days after date, we, the trustees of the *Methodist E. Church* in *Rockport*, promise to pay to the order of *I.* and *J. Mears* three hundred and thirty-three dollars and fifteen cents, for value received. *Rockport, Ind., July* 25, 1842. *John W. Graham, Wm. Drum, John E. Cotton, Alexander Britton, Oliver Morgan,* Trustees of the *M. E. Church.*" *Held,* that the defendants were liable in their individual capacities.

In ascertaining the amount of said note, it was held that the words in the body, not the figures in the margin, should govern.

A person is presumed to know the legal effect of his contract.

*Friday, July* 10.

ERROR to the *Spencer* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit on a promissory note, of which the following is a copy:

"$331,15. Ten days after date, we, the trustees of the *Methodist E. Church* in *Rockport*, promise to pay to the order of *I.* and *J. Mears* three hundred and thirty-three dollars and fifteen cents, for value received. *Rockport, Ind., July* 25, 1842. *John W. Graham, Wm. Drum, John E. Cotton, Alexander Britton, Oliver Morgan,* Trustees of the *M. E. Church.*"

May Term, 1846.

MEARS
v.
GRAHAM.

There is, among others, a plea to the following effect: That; on, &c., the defendants were trustees of the *Methodist Episcopal Church of Rockport;* that one *William E. Mears*, who had kept the accounts and books of the trustees, represented to them that he had assigned to the plaintiffs certain accounts against the church, for advances made on account of the church; that the defendants were induced to give the note sued on, by the said *William's* representations that no individual responsibility could arise therefrom, and that the only object was to show the indebtedness of the church; and for no other consideration.

General demurrer to said plea, and judgment for the defendants.

The accounts for advances made to the trustees were a sufficient consideration for the note, which must be considered as the note of the defendants as individuals; the words "trustees of the *M. E. Church*" being merely a *descriptio personarum*. *M'Clure et al.* v. *Bennett*, 1 Blackf. 189. The case before us differs from the one just cited in this, that no such representation as that made to procure the execution of the note now sued on, was made in the case cited. But that representation cannot affect the plaintiffs' right to recover. It was a representation made to the defendants respecting a question of law, and cannot be considered as having misled them. They must be presumed to have known the legal effect of their contract. *Platt* v. *Scott*, 6 Blackf. 389.

The circumstance, that the figures in the margin of the note are " $331,15," and the words in the body are "three hundred and thirty-three dollars and fifteen cents," does not affect the validity of the note. The words in the body must govern, and the note is therefore for three hundred and thirty-three dollars and fifteen cents. *Saunderson et al.* v. *Piper et al.* 5 Bingh. N. C. 425.

The demurrer to the plea should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Pitcher* and *E. S. Terry*, for the plaintiffs.