*R. Crawford,* for the plaintiff.

*H. P. Thornton,* for the defendant.

May Term, 1850.

RHODE v. DAVIS.

(1) See 1 Carter's Ind. R. 522.

---

RHODE v. DAVIS.

Boards of county commissioners are Courts of limited and special jurisdiction, and their records must show, to make them evidence of the validity of the acts of the Courts, that the requisitions of the statutes under which they acted were complied with, so far as necessary to give them jurisdiction.

APPEAL from the *Warren* Circuit Court.

PERKINS, J.—*Davis* sued *Rhode* in an action of trespass *quare clausum fregit.* *Rhode* defended on the ground that the *locus in quo* was a public highway, and that he was acting as supervisor in working the same; and, to sustain his defence, gave in evidence a transcript of certain proceedings had before the county commissioners, ordering said highway to be opened. The transcript did not show that the notice of the application for the highway, required by statute to be given, or that any notice of the proceeding to lay out and establish the same, was given, and there was no proof, *aliundi*, of the fact. The Court held the proceedings a nullity. We regard the board of county commissioners as a Court of special and limited jurisdiction, whose records must show, to make them evidence of the validity of the acts of the Court, that the requisitions of the statutes under which the Court acted were strictly complied with, so far as was necessary to give jurisdiction. See *Corwin* v. *Merritt,* 3d Barbour's (N. Y.) Sup. C. R. 341, and cases cited.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler,* for the appellant.

*J. R. M. Bryant,* for the appellee.