Nov. Term, 1850.

Potts and Another *v.* Henderson and Another.

Potts
v.
Henderson.

2   327
142   587
2   327
144   109

Sections 62 and 64, chapter 16, of R. S., 1843, which authorize boards of county commissioners to enter into contracts in writing for building bridges over water courses, and to appoint one or more persons to superintend the same, do not empower such commissioners to appoint agents to make such contracts.

Covenant on a sealed argreement, whereby the plaintiffs bound themselves to build a certain bridge, and the defendants, describing themselves as "commissioners appointed to superintend the building of a bridge across," &c., agreed to pay the plaintiffs therefor. *Held,* that the contract did not show upon its face to have been made by or with persons who could be recognized as public agents, and, therefore, the contract must be regarded as their individual undertaking.

Where it appears, upon the face of the contract, that the defendants are not to be considered the promissors, but the promise was made in the name and on behalf of another person, the plaintiffs' remedy will be against the latter person, if the defendants had authority to execute the contract for him; and if they had not, the proper action against the defendant will be a case for acting without such authority.

A contract made by county commissioners, to be binding on the county, must be made by the board at a regular session of their Court.

APPEAL from the *Franklin* Circuit Court.

*Friday,
November 29.*

SMITH, J.—Covenant on a sealed agreement, whereby the appellees bound themselves to build the superstructure of a bridge, and the appellants, describing themselves as "commissioners appointed to superintend the building of a bridge across the west fork of *White Water* at *Laurel*," agreed to pay the appellees therefor. It is averred in the declaration that the appellees had fully performed their obligations under the contract, but that the appellants had refused to make the payments therein specified.

The appellants filed two pleas, averring, in substance, that the appellants were appointed by the board of county commissioners of the county of *Franklin*, to superintend the construction of the bridge in question; that they were to receive subscriptions and donations for that purpose; that they made the bond in their capacity of agents; that they reported to the commissioners the completion of the work, and the balance remaining due to the appellees; that they requested the board to make an order for the payment of said balance; and that their said report was

Nov. Term,
1850.

Potts
v.
Henderson.

directed to be read and recorded; of all which facts the appellees had notice, &c.

These pleas were demurred to and the demurrers sustained.

It is contended by the counsel for the appellants, that the latter made the agreement in the capacity of public agents, and that they are not individually responsible.

The statute authorizes the boards of county commissioners to enter into contracts in writing for building bridges over water courses, and to appoint the supervisor of the proper road district, or any other one or more discreet persons, to superintend the erection thereof. R. S. c. 16, ss. 62–64.

In the contract upon which the present suit was brought, the appellants describe themselves as commissioners appointed to superintend the building of a bridge, meaning, probably, to designate themselves such superintendents as the law authorized the county commissioners to appoint. But the provisions of the statute above referred to do not empower the county commissioners to appoint agents to make such contracts. They only authorize the appointment of persons to superintend the erection of bridges contracted for by the county commissioners. The contract does not, therefore, upon its face, purport to have been made by or with persons who can be recognized as public agents.

In the case of *McHenry* v. *Duffield*, 7 Blackf. 41, cited by the counsel for the appellants, the principle was recognized that where it appeared, upon the face of the contract, that the defendants were not to be considered the promissors, but the promise had been made in the name and on behalf of another person, the plaintiffs' remedy was against the latter person, if the defendants had authority to execute the contract for him, and if they had not, the proper action against the defendants was case for acting without such authority. But that principle is not applicable in the present suit. The only public agents who could make such a contract as the one now sued upon were the county commissioners, and the

Nov. Term, 1850.

contract does not purport to have been made in their name or on their behalf. It was made by the appellants in their own names. It was not executed by them as agents but as principals; and, though they describe themselves as holding an appointment by the county commissioners, inasmuch as that appointment gave them no authority to bind any one by their contract but themselves, it must be regarded as their individual undertaking.

The averments made in the pleas seem intended to show that, though the contract does not, upon its face, purport to have been made by the county commissioners, it was made by their authority, and that they are the parties properly liable. Supposing these averments to be true, they could not have that effect. The county commissioners could not have made such a contract, which would have been binding upon them in their corporate capacity, or upon the county, except when acting as a board at a regular session of their Court; and, of course, they could not appoint agents to do that which they could not do themselves. *Archer* v. *The Commissioners of Allen County*, 3 Blackf. 501.—*Campbell* v. *Brackenridge*, 8 Blackf. 476.

We are of opinion, therefore, that the demurrers were correctly sustained.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*J. D. Howland*, for the appellants.

*G. Holland*, for the appellees.