*Theodore Gazlay* and *Lucius C. Bingham*, for the appellants.

*James H. Vawter*, for the appellee.

Nov. Term,
**1861.**

THE BOARD
OF
COMMISSION-
ERS OF
WARRICK CO.
v.
BUTTER-
WORTH.

---

THE BOARD OF COMMISSIONERS OF WARRICK COUNTY *v.* BUTTERWORTH and Others.

*A.* and *B.* filed their claim before the *Board of County Commissioners*, for work done in the erection of two stone piers for a bridge. A contract was given in evidence, which, in the introductory part of it, purported to be made between *A.* and *B.*, of the first part, and "*P.*, agent of the counties of *S.* and *W.*," of the other part. After describing the work to be done, &c., the contract provided that the said *P.* should pay the stipulated price in county orders, &c.

*Held*, that as the agreement bound *P.*, and not the counties for which he assumed to be acting, to pay for the work, an action could not be maintained upon it against the counties, without the averment of other facts; as that the contract was accepted and adopted by the counties as theirs.

*Held*, also, that the failure of the board to have made the preliminary surveys, &c., required by the act of 1855, (Acts 1855, pp. 18, 19,) before letting the contract for the bridge, did not render their acts void, or affect their liability to pay for the work.

APPEAL from the *Vanderburg* Circuit Court.

HANNA, J.—The appellees filed a claim before the *Board of Commissioners of Warrick County*, for building two piers for a bridge, to be erected across *Pigeon* creek, which is the boundary line between that county and *Spencer*. The claim was not allowed. The present appellees appealed to

*Friday,*
*November* 29.

Nov. Term,
1861.

THE BOARD
OF
COMMISSION-
ERS OF
WARRICK Co.
v.
BUTTER-
WORTH.

the Circuit Court, and from thence took a change of venue to *Vanderburg* county. Trial; and judgment for said claimants.

It is urged that errors occurred in divers particulars; *first,* in the admission of evidence. Two written agreements were introduced by the plaintiffs. These writings purport, in the first part thereof, to be made by the appellees, of the first part, and "*Nathan Pyeatt,* agent of the counties of *Warrick* and *Spencer,* of the second part," and provide that said parties of the first part were, in a limited time, to erect two stone piers, at a named place, for a fixed price, and in a given manner, and the "said *Pyeatt* is to pay the parties of the first part the sum," &c., "in county orders on each of said counties of *Warrick* and *Spencer.*" Signed, "*Earnest Cook,* *William Butterworth, Nathan Pyeatt.*" The ground of objection was, that the instruments were not between the parties to the suit; in other words, were not the contracts of the defendant. This language is used in a late work:

"It has been regarded as an established principle, that no person is held to be the agent of another in making a written contract, unless his agency is stated in the instrument itself, and he therein stipulates for his principal by name." 1. Par. on Cont. 48, citing *Stackpole* v. *Arnold,* 11 Mass. 27; *Long* v. *Colburn, id.* 97; *Magill* v. *Hinsdale,* 6 Conn. 464; *Hancock* v. *Fairfield,* 30 Maine, 299. See, also, *Deming* v. *Bulʔit,* 1 Blackf. 241, and note; *id.* 189; 2 Ind. 327. "But, (says the author,) the rule is qualified, if not contradicted, by authority of much weight, and we do not regard it of great force except in cases of sealed instruments;" citing 2 Smith's Leading Cases; *Thompson* v. *Davenport,* and note; and *Fenley* v. *Sewart,* 5. Sandf. 101. In the latter case, the conclusion arrived at, appears to have been, that when a contract is reduced to writing, and an action is brought upon the said writing, no other persons can be made parties than those therein named; but when a right of action exists, independent of the writing which is used merely as evidence toward establishing that right, then the party having the legal interest, may sue or be sued, though not named in said writing. If this was a private contract, the weight of the authorities referred to is to the effect, that in suing upon such written contract,

Nov. Term,
1861.

THE BOARD
OF
COMMISSION-
ERS OF
WARRICK CO.
V.
BUTTER-
WORTH.

*Pyeatt* would be the proper defendant, in an action by the party of the other part.

The suit here is not, upon the instrument in writing, but is in the following form:

"THE BOARD OF COM'S OF WARRICK COUNTY, DR.

To BUTTERWORTH & COOK,

"1859.   To building two stone piers in *Pigeon* creek, and furnishing part of materials.

Whole amount,   -   -   -   -   - $1,165.00

"Cr.   By order,   -   -   -   ,   -   -   200.00

"Balance due, -   -   -   -   - $965.00
(Signed,)   "BUTTERWORTH & COOK."

There was no other pleading filed, either before the board, or in the Circuit Court; nor does any objection appear to have been made to the sufficiency of this.

If the written agreements offered, were intended by those who executed them to be obligatory upon the county, then it is insisted that as contracts of a public nature, or affecting the public interest, they should be governed by a different rule from that in regard to private contracts, and should be considered, and treated, as the contracts of the said boards of commissioners of said counties, although not entered into by said county authorities, nor by said *Pyeatt*, in the names of said authorities. Legal authorities to sustain this proposition are not brought to our notice, nor do we know of any that will fully sustain the same.

It will be observed, that the writings offered in evidence disclose the fact that *Pyeatt* was an agent, and that he was the agent of certain counties named, but binds *him* to make the payments, and not the said named principals. We are therefore, we repeat, of the opinion that an action could not be maintained upon the said agreements against the principals, by merely declaring upon the agreements, without averring other facts. Could there be facts, other than those contained in the writings, that would make the defendants liable, and if so, could evidence thereof be given without pleading the said facts? For instance, the acceptance and ratification of the contracts, as being those of the county, by the proper

Nov. Term,
1861.

THE BOARD
OF
COMMISSION-
ERS OF
WARRICK Co.
v.
B U T T E R -
WORTH.

authorities, is relied on, but not pleaded. If, under the circumstances, such proof was legitimate, then the writings could be properly received, as the Court would not, ordinarily, control the order of introducing the testimony of a party.

Such facts might exist, and we are of opinion, considering the statutes under which the proceeding was instituted, might be given in evidence, together with the said writings, to sustain the said claim. Whether the evidence was sufficient, is another question. We have examined the evidence, and believe that it so far tends to show the adoption, and perhaps ratification, of said contracts as to justify the verdict, so far as that point is involved.

The Court refused to instruct the jury that the contracts made by *Pyeatt* were not binding upon the defendants; but instructed, that if defendants adopted said contracts, and plaintiffs performed their part thereof, they were entitled to recover.

These rulings are complained of. We do not think there was any error committed therein, unless the appellant is correct in the next proposition advanced, which is, that in the whole matter, the defendants acted without authority of law, and, as a consequence, their acts are void.

We had, at the date of these contracts, &c., certain statutes, prescribing that in the erection of a bridge, certain preliminary surveys, &c., should be made and reported, and adopted by the board, and contracts let in pursuance thereof. Acts 1855, pp. 18, 19.

There is nothing in the record showing that such surveys, &c., had ever been made; indeed, the inference is pretty strong, from statements in the orders appointing *Pyeatt* to superintend said building, that no such surveys had been made.

Could said board bind the county, by making, or adopting contracts made, without regard to said statutes?

It has been already decided, that to give the board of commissioners jurisdiction to act, in ordering a highway to be opened, their record should show that the statute, under which they acted, had been complied with. *Rhode* v. *Davis*, 2 Ind. 53.

Under the present Constitution, and statutes, the board of county commissioners is, to some extent, a corporation, with powers incident thereto, and prescribed by statute, as well as limited judicial powers. If, in the case at bar, the board had caused surveys, &c., to be made, by a competent person, and had adopted the same, we do not see but that the persons for whom they acted, namely, the inhabitants and taxpayers of the county, would have been bound by such action; although the same might have involved a very great error of judgment. But they acted without such surveys and estimates; we are not informed whether with even ordinary prudence and judgment. The evidence would appear to indicate the negative; for it is, that the piers "were built according to the contracts," and that the board refused to pay for the work, "because it tumbled down before it was fully received." Whether such destruction resulted from a bad site, or an improper location of the piers, or because they were not of proper proportion, is not shown. The question is, therefore, fairly presented, should the statute have been complied with, as to a survey, &c.?

We are inclined to hold, in this case, that the defendants were liable, notwithstanding the failure to make a survey, before authorizing the work. It is not necessary for us to decide, whether the statute should, in every instance that might arise, be viewed as merely declaratory of the duty of the commissioners.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Conrad Baker* and *J. S. Moore,* for the appellants.

*James G. Jones, J. E. Blythe* and *A. L. Robinson,* for the appellees.