Kenyon and Others *v.* Williams.

---

## KENYON and Others *v.* WILLIAMS.

A complaint on a note, averring that it was made and delivered to the plaintiff by the defendants, who were partners, by their agent, who signed the same, A. B., "Agt.", and that it remains unpaid, would not be a good complaint at law; but in equity, as a general rule, wherever an agent has contracted within the sphere of his agency, and the principal is not, by the form of the contract, bound at law, the Court will enforce it against the principal, upon principles *ex æquo et bono.*

Matter in abatement can not be answered, either after or concurrently, with matter in bar, but must precede it, or it will be considered to have been waived.

APPEAL from the *St. Joseph* Circuit Court.

WORDEN, J.—This was an action by *Williams* against the appellants, upon a promissory note. Judgment for the plaintiff.

The complaint alleges, that, on the 23d day of June, 1860, the defendants were co-partners, trading and doing business under the firm name and style of the "Farmers' Union Store," at Elkhart, on which day the defendants, by their agent, *Solomon N. Chappel*, (who was one of the firm,) made and delivered to the plaintiff the following promissory note, which is unpaid, viz.:

"$250.  ELKHART, *June 23d*, 1860.

"Due *Michael Williams*, or order, two hundred and fifty dollars, value received, with interest at ten per cent., if not called for within three months; if paid in three months, no interest, without any relief whatever from valuation or appraisement laws.  S. N. CHAPPEL, *Agt.*"

The defendant, *S. N. Chappel*, who signed the note, pleaded in abatement, under oath, that he was not a resident of *St. Joseph* county, and had not been there served with process, but that he was, on, etc., a resident of *Elkhart* county. A demurrer was sustained to this answer.

The other defendants demurred to the complaint, but the demurrer was overruled.

These rulings present the first and most material question for our consideration, viz.: Does the complaint state a good cause of action against any of the defendants, except *Chappel*, the maker of the note? If not, the demurrer to the complaint filed by the other defendants should have been sustained; and, for the same reason, the demurrer to *Chappel's* answer in abatement should have been overruled, as, in such case, he would be the sole defendant who could be sued on the note, and the suit should have been in the county where he resided. Code, sec. 33.

The note purports to bind no one but *Chappel*. The addition of "agt.", appended to his signature, does not add to, or vary, its legal effect. The question then arises, whether extrinsic matter can be averred and supported by *parol*

*proof*, connecting other parties with the note, and making them liable *thereon* as makers. The authorities upon this point are somewhat conflicting, but we think that, *at law*, the weight of them is against the admission of·such evidence, so as to support an action *upon the instrument* against other parties. Parsons on Cont., p. 48, and authorities cited in note *a*. Smith on Cont., p. 412, and notes. *Thompson* v. *Davenport*, 2 Smith Lead. Ca., p. 212, and notes. Story on Agency, sec. 147, and note. *The Board of Commissioners of Warrick Co.* v. *Butterworth*, 17 Ind. 129.

But the rule in equity is different. Says Mr. Justice *Story:* "Indeed, it may be asserted, as a general rule, that in all cases where an agent has contracted within the sphere of his agency, and the principal is not, by the ·form of the contract, bound at law, a Court of Equity will enforce it against the principal, upon principles *ex æquo et bono.*

In the case of *Clark's Executors* v. *Van Riemsdyk*, 9 Cranch, 153, a bill in equity was maintained against a firm to recover the amount of a bill of exchange drawn by one of its members, in his own name only.

The Court below was authorized to administer equitable as well as legal relief, and, in view of this fact, we are of opinion that the demurrer to the complaint was properly overruled, as the averments therein are sufficient to connect all the partners with the note, and hold them equitably liable thereon. It follows that the demurrer was properly sustained to the answer of *Chappel·* on abatement, some of those properly made defendants residing in the county where the suit was brought.

After the above steps had been taken in the cause, the defendants answered: 1. By general denial. 2. In abatement, that there were other parties, naming them, constituting the firm, who were not joined as defendants. 3. Usury.

The plaintiff moved to strike out the second paragraph of the answer, but the motion was overruled, and issue

taken thereon; upon the trial of which issue by the Court, there was a finding for the plaintiff. On the trial of this issue, the defendants moved for leave to amend the answer, by adding names thereto, so as to make it correspond with the proof, but this motion was overruled. We shall not stop to inquire whether any error would have been committed in refusing leave to amend the answer in abatement, had it been properly in the case. The non-joinder was matter of abatement, and could not have been taken advantage of otherwise. Chitty Plead. 46. Whatever may be the practice in New York, or elsewhere, of pleading in bar and abatement at the same time, the rule has been settled in this State, under the code, that, as at common law, a plea in bar is a waiver of matter of abatement. Matter of abatement can not be answered, either after, or concurrently with, matter in bar. *Jones* v. *The Cincinnati Type Foundry Co.*, 14 Ind. 92.

The Court should have stricken out the answer setting up the non-joinder, but as the issue formed thereon was found for the plaintiff, no harm was done.

The issues upon the merits were tried by the Court and found for the plaintiff, and the evidence in the cause is before us, which, in our opinion, fully justifies the finding.

The defendants had formed themselves into a joint stock company, the objects of which are set forth in the following preamble to their articles of association, or "constitution:"

"The object of this association is the promotion of the interests of the producing class, by relieving them from the payment of the intermediate profit now charged, by the retail dealer, upon articles entering largely into the consumption of every family, by purchasing and distributing the same at the lowest point attainable, and by subserving such other interest in the sale of produce as may be found practicable and beneficial; to secure concert of action in furtherance of these objects, we associate and organize our-

selves into a body mercantile, and designate the same as the 'Farmers' Union Store,' located in the village of *Elkhart, Elkhart* county, Indiana, and adopt the following constitution," etc.

The "constitution" provides, among other things, for subscriptions of stock to the association, and for the purchase and sale of goods, on terms therein provided for; and, also, for the appointment of a managing agent, who should, *ex officio*, be secretary and treasurer of the association.

It appears that *Chappel*, who signed the note, was the managing agent, being one of the members of the association, and that the note was given for money deposited by the plaintiff with *Chappel*, as the agent of the association, and that the money was used by the association. *Chappel* says he signed the note for the members of the association. These facts clearly make the members of the association liable in equity, upon the note. "In joint-stock, and other large companies, which are not incorporated, but are a simple, although an extensive partnership, their liabilities to third persons are generally governed by the same rules and principles which regulate common commercial partnerships." Story on Part., sec. 164.

There is no error in the record of which the appellants can complain, hence the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs.

*O. H. Main, A. Heath,* and *J. A. Liston,* for the appellants.