KENDALL *et al. v.* MORTON.

21 205
0155 586

PROMISSORY NOTE—CONTRACT.—A note in the form following creates a personal liability to pay on the part of the persons who sign it:

$25.00.          *Cambridge City, July* 1st, 1860.

" Six months after date, we, the subscribers, promise to pay to the order of *A*, 25 dollars, without any relief from valuation or appraisement laws, value received, on behalf of *Cambridge City Greys.*

A. B.,

C. D.,

E. F., Sect."

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Suit upon three promissory notes of like tenor, one of which reads thus :

" $25.00          *Cambridge City, July* 1st, 1860.

" Six months after date, we, the subscribers, of *Cambridge City*, county of *Wayne*, and State of *Indiana*, promise to pay to the order of *Benj. Conklin*, 25 dollars, without any relief from valuation or appraisement law's, value received, on behalf of *Cambridge City Greys.*          JAMES M. COCKEFAIR,

" REESE KENDALL,

" DAVID CONKLIN, Sect."

The notes were assigned by *Conklin* to *W. S. T. Morton*, who sued upon them.

The simple question is, whether *Cockefair, Kendall* and *Conklin*, the signers of the notes, or the *City Greys*, are liable upon them as the makers.

The phraseology of the notes sued on is very peculiar. We think the promise in the note is personal on the part of *Cockefair, Kendall* and *Conklin*. We think the case more nearly resembles that of *The Board, &c.* v. *Butterworth et al.*, 17 Ind. 129, than it does *McHenry* v. *Duffield*, 7 Blackf. 41.

See *Kenyon et al.* v. *Williams*, 19 Ind. 44, and also *Tousey* v. *Taw et al., id.* 212, where the authorities on the legal question raised and discussed in the case at bar are collected. See, also, *Hobbs* v. *Cowden*, 20 Ind. 310.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*Lafe Develin* and *Geo. A. Johnson*, for the appellants.
*Geo. Holland* and *J. F. Kibbey*, for the appellee.