Newman *et al. v.* Sylvester.

*W. H. Mallory,* for appellant.

*S. C. Willson,* for appellees.

———————•———————

## NEWMAN ET AL. *v.* SYLVESTER.

CITY.—*Territorial Limits.*—The territorial limits of the city of Indianapolis are fixed and described by public law and public records open to all.

SAME.—*Ordinance for Street Improvement.*—*Contractor.*—The action of the common council of a city in passing an ordinance for the improvement of a street, and proceedings under it in letting a contract, cannot be said to throw the person making such contract off his guard in making inquiry as to whether or not the street proposed to be improved is within the corporate limits of the city.

PRINCIPAL AND AGENT.—*Liability of Agent.*—One assuming to act as agent for another without authority does not necessarily render himself liable. It is when he knowingly or carelessly assumes to act without being authorized, or conceals the true state of his authority, and falsely leads the party with whom he contracts to repose in his authority, that he may be liable.

SAME.—If one enters into a contract in the name of another and as his agent, and does it honestly, fully disclosing all the facts touching the authority under which he acts, so that the one contracted with, from such information or otherwise, is fully informed of the authority possessed or claimed, the agent is not liable on the ground of deceit or for misleading the other party.

SAME.—It is material in such case that the party complaining of a want of authority in the agent should be ignorant of the truth touching the agency. If he has full knowledge of the facts, or of such facts as fairly and fully put him upon inquiry, and he fails to avail himself of such knowledge, or the means of knowledge reasonably accessible, he cannot, in the absence of fraud, say that he was misled, simply on the ground that the party assumed to act as agent without authority.

SAME.—*Public Officer.*—If a party contracts as a public officer, and in that capacity acts honestly, he will not ordinarily be personally liable. If his authority to act is defined by public statute, all who contract with him will be presumed to know the extent of his authority, and cannot allege their ignorance as a ground for charging him with acting in excess of such authority, unless he knowingly mislead the other party.

SAME.—*Members of Common Council.—Contractor.*—If the members of the common council of a city, in passing an ordinance and letting a contract for the improvement of a street, act in good faith, under a misapprehension, they and the contractor, as well as the adjacent owner of real estate, believing the street to be within the corporate limits of the city, the contractor having like knowledge with the members of the council, they cannot be held liable for the cost of such improvement, though the place where the same is made is not within the corporate limits.

APPEAL from the Marion Superior Court.

OSBORN, C. J.—The appellee sued the appellants and four others in the Superior Court. It is not necessary to notice the proceedings against the others, as final judgment has been rendered for them and no cross errors have been assigned by the appellee.

The appellants demurred to the complaint. The demurrer was overruled. They then filed an answer, to which a demurrer was sustained, and final judgment was rendered against them for $359.04. They appealed to the general term, where the judgment was affirmed. Proper exceptions were taken and errors assigned, and the questions arising on the pleadings are fairly before us.

The complaint alleges that the defendants, members of the common council of the city of Indianapolis, passed " an ordinance to provide for grading and gravelling Market street from the old corporation line to Hyland Street, including sidewalks," under sections 68 to 71 inclusive, of the city charter; that the city engineer in pursuance of the directions of the ordinance, set the grade stakes for the improvement; that the clerk advertised for bids for the work; that the plaintiff submitted a sealed proposal to make the improvement, and entered into a contract for the completion of it, to the entire satisfaction of the city engineer; that he did the work pursuant to the requirements of the ordinance and

contract; that an estimate was made and allowed against a lot owned by Mary E. Noble, for $348.54, which was allowed by the common council and adopted as the estimate of the council, and the owner of the lot required to pay it; that the work was of the value of the amount so estimated and allowed; that the owner refused to pay, and still refuses, denying all liability therefor, or that the lot is liable; that he filed an affidavit with the clerk of the city containing all the allegations required in such cases for that purpose, and demanded a precept; that the mayor and council ordered one, but afterward ordered it to be returned and withdrawn and refused to order another, on the ground that the lot was not within the limits and jurisdiction of the city.

"That at the time of the passage of said ordinance, the advertising to receive proposals for said work, and the receiving of the same and contracting for said work, the defendants, the mayor and members of the common council of the city of Indianapolis, by so doing, held forth and declared and affirmed that they had full power and authority and jurisdiction of and over said part of said Market street, and that the same and said premises of Mary E. Noble, and the premises of all others owning lots of land bordering on said part of said street, were within the limits and jurisdiction of said city, and subject to the jurisdiction and control of the common council thereof, when they knew that it was not, and thereby intended to and did deceive; and that the plaintiff had no knowledge to the contrary, and believed they had, and by such action was thrown off his guard and prevented from making inquiry. But that since said work was done and finished under said contract, and the withdrawal of said precept, and the refusal to issue another, he has ascertained that the said part of said street and said lot of Mary E. Noble had not been annexed to and within the limits and jurisdiction of said city of Indianapolis; but he avers that said Market street west of said old corporation line had been, ever since the incorporation of said city, and was, at the time of the passage of said ordinance and letting

and making of said contract, a street of and within said city of Indianapolis; and that said part of said street east of said old corporation line to said Hyland street so ordered and contracted to be improved, had been for fifteen years prior to said ordinance and contract, and was at the time a continuation of said Market street, called by that name and used, and he believed the same was a street of said city and within the limits and jurisdiction of said city and council."

After the demurrer to the complaint had been overruled, the appellants filed an answer stating that they were, at the time of the passage of the ordinance and the letting of the contract, members of the common council of the city of Indianapolis, and voted for the passage of said ordinance, and to approve and confirm the letting of said contract to the plaintiff; that they voted for the passage of said ordinance, and to approve and confirm the letting of said contract to the plaintiff, by mistake, and without fraud or intentional wrong, and under a misapprehension as to the locality of so much of said Market street as it was proposed to improve; that they and said plaintiffs, and the owners of the lots or land fronting thereon at the time of the passage of said ordinance and the letting of said contract, and during all the time the plaintiff was engaged in improving said street, under said contract, believed that that portion of said Market street lying between the old corporation line and Hyland street, was within the corporate limits of said city of Indianapolis; that the plaintiff had like knowledge thereof with these defendants; that these defendants acted in the premises in good faith, as members of said common council, without any intention whatever of defrauding the plaintiff.

The action is sought to be maintained upon the theory that the members of the common council, while acting in an official capacity and in voting for an ordinance to grade and gravel a street, and in causing the work to be done, were acting as mere agents, and governed by the same rules and regulations and liable to the same extent as ordinary agents,

acting as such for private persons; and that when one assumes to contract for another, with one who has an equal opportunity with himself to know the extent of his authority, and to whom no representation is made as to his power to act, and from whom nothing is concealed, if in fact he had no authority to bind his principal, he is liable to the party contracted with, either upon the contract or for deceit.

It is not alleged in the complaint that the appellant made any representations that the street to be improved was within the city.   In fact, the allegation precludes any such presumption.   It says, that by the act of passing the ordinance, and the proceedings under it, they held forth, etc., that they had authority and jurisdiction over the street, and that the same and the lot described were within the city limits, when they knew they were not.   It is not alleged that they did anything to prevent him from examining the record, or making any other examination or investigation, to ascertain whether the part of the street to be improved and the lot were within the city.   The complaint may be regarded as admitting that he made no inquiry on the subject.   It says that the action of the common council threw him off his guard and prevented him from making inquiry.   It also alleges that that part of the street ordered to be improved was at the time, and had been for fifteen years, a continuation of Market street from the city, called by that name, and used, and he believed the same was a street of said city, and within the limits and jurisdiction of the city and council.   The only reason given for not making inquiry was, that they proposed to have the street graded.   " By such action he was thrown off his guard and prevented from making inquiry," is the averment on that subject.

The territorial limits were fixed and prescribed by public law and public records, open to all.   The original charter, in which the limits were defined, was an act of the general assembly.   All extension or annexation has been by public proceedings.   An examination of such proceedings by the

appellee would have shown him that the street, where the work was proposed to be done, was not in the city. We do not see how the action of the common council, in passing the ordinance and the proceedings under it, could throw the appellee off his guard or prevent him from making inquiry about the city limits. On the contrary, it seems to us, that prudence would dictate to him to make inquiry on that subject, unless he was satisfied that the street was within the city, before he would undertake to make such an improvement and look to the property owners for his pay. By the action of the appellants as members of the common council, he was informed that the street proposed to be improved was located at a given point, and his attention was directed to that point; that they assumed to act, as public officers under a public law, to which his attention was directed; and that he must look to the property bordering on the street for his pay, and to that alone. It was not expressly stated that the street was within the city. The most that can be said is, that they acted as if they believed it to be. The appellants neither said nor did anything calculated to mislead the appellee or prevent him from ascertaining whether the place where the work was to be done was within the limits or jurisdiction of the city. If duty required that they should know that the common council had authority to do the work before ordering it to be done, prudence required the same from him before he undertook to do it.

The contractor made his contract with express reference to the source from which he was to receive payment. *Richardson* v. *City of Brooklyn*, 34 Barb. 569; *The City of New Albany* v. *Sweeney*, 13 Ind. 245; *Johnson* v. *The Common Council of the City of Indianapolis*, 16 Ind. 227.

It is said, however, that if one undertakes to act as the agent for another, *bona fide*, believing that he has due authority, but in fact has not authority, and therefore acts under an innocent mistake, he is held by law to be equally as reprehensible as if he knew he had no authority. Story on Agency, and other authorities, are relied upon to

sustain that proposition. Story Agency, sec. 264. The reason given is, that every person so acting for another, by a natural, if not a necessary, implication, holds himself out as having competent authority to do the act, and thereby draws the other into a reciprocal engagement; that the signature of the agent amounts to an affirmation that he has authority to do the particular act. In sec. 265 the same author says: "But circumstances may arise, in which the agent would not, or might not, be held to be.personally liable, if he acted without authority, if that want of authority was known to both parties, or unknown to both parties." So in *Smout* v. *Ilbery*, 10 Meeson & Welsby, 1, ALDERSON, B., after recognizing the same doctrine, on p. 10 says : "And if that wrong produces injury to a third person, who is wholly ignorant of the grounds on which such belief of the supposed agent is founded, and who has relied on the correctness of his assertion, it is equally just that he who makes such assertion should be personally liable for its consequences." The conclusion in that case was, that in all the cases when one acting as agent without authority has been held liable, it would be found that he had been guilty of some fraud, had made some statement which he knew to be false, or had stated as true what he did not know to be true, omitting at the same time to give such information to the other party as would enable him, equally with himself, to judge as to the authority under which he proposed to act.

One assuming to act as agent for another without authority does not necessarily render himself liable. It is when he knowingly or carelessly assumes to act without being authorized, or conceals the true state of his authority, and falsely leads the party with whom he thus contracts to repose in his authority, that he may be liable. *Ogden* v. *Raymond*, 22 Conn. 379; *Walker* v. *The Bank of the State of N. Y.*, 9 N.Y. 582 ; *Jefts* v. *York*, 10 Cush. 392 ; and many other authorities. If he enter into the contract in the name and as the agent of another, and does it honestly, fully disclosing all the facts touching the authority under which he acts, so that the one

contracted with, from such information or otherwise, is fully informed of the authority possessed or claimed by him, he is not liable on the ground of deceit or for misleading the other party.   It is material in such cases that the party complaining of a want of authority in the agent should be ignorant of the truth touching the agency.   If he has a full knowledge of the facts, or of such facts as fairly and fully put him upon inquiry for them, and he fails to avail himself of such knowledge, or the means of knowledge reasonably accessible to him, he cannot say that he was misled, simply on the ground that the party assumed to act as agent without authority, in the absence of fraud.

If the party contracts as a public officer, and in that capacity acts honestly, he will not ordinarily be personally liable. *Belknap* v. *Reinhart,* 2 Wend. 375 ; *Hodgson* v. *Dexter,* 1 Cranch, 345 ; *Nichols* v. *Moody,* 22 Barb. 611 ; and cases cited.   If his authority to act is defined by public statute, all who contract with him will be presumed to know the extent of his authority, and cannot allege their ignorance as a ground for charging him with acting in excess of such authority, unless he knowingly misled the other party.

The conclusions which we have announced, we think, are fairly deducible from the authorities.

We are satisfied that the demurrer to the complaint ought to have been sustained, unless the allegation that the appellants knew that the part of the street ordered to be improved was not within the city limits makes it good.   That allegation must be considered with others connected with it.   The averment as to what was affirmed and declared by the common council by their acts is not the averment of a fact. But after stating, as a conclusion or inference from what they had done, that they affirmed that the street and lot were within the limits and jurisdiction of the city and subject to the control of its common council, it is averred that "they knew it was not, and thereby intended to and did deceive ; and that the plaintiff had no knowledge to the contrary·

and believed they had." The sentence seems to be incom-
plete. It is doubtful if it fully expresses the meaning of
the pleader. The averment is, that, whilst he had no knowl-
edge that the place where the improvement was to be made
was not in the city, he believed they had. If that is what
he really meant, then it is inconsistent with the averment
of his own ignorance. If he believed that the appellants
had knowledge that the place was without the city, he could
not be ignorant of that fact. We cannot understand how
one can rely upon his ignorance of a fact, when he believes
that another, with whom he is dealing, has knowledge of
its existence. The most favorable construction which can
be put upon the allegation is, that the appellee had no knowl-
edge that the place was without the city, and that he believed
that they had knowledge that it was within it. But it is
not very clearly stated. After stating that, since the work
was done, he had ascertained that the place was not in the
city; that Market street 'west of the old corporation line, had
been ever since the incorporation of the city one of its
streets; and after stating that the part of the street where
the work was done was a continuation of Market street east
of the old corporation line, it averred that it was called by
that name and had been used as such for fifteen years, and
he believed that it was a street within the limits of the
city.

It is difficult for us to determine whether he relied most
upon his knowledge of the existence of that street for fifteen
years, or the acts of the common council for its improve-
ment.

The answer alleges that the appellants acted as members
of the common council; that they acted in good faith, under
a misapprehension as to the locality of the part of the street
to be improved; that they, the appellee and the owner of the
lot believed that it was within the corporate limits of the
city; that the appellee had like knowledge with the appel-
lants. The facts alleged in the answer constituted a bar to
the action, and the demurrer ought to have been overruled.

The following are some of the authorities not before cited, bearing in a greater or less degree upon the questions involved in the case: *Hall* v. *Lauderdale,* 46 N. Y. 70; *Creighton* v. *The City of Toledo,* 18 Ohio St. 447; *Loudon* v. *Robertson,* 5 Blackf. 276; *Port* v. *Williams,* 6 Ind. 219; *Boyd* v. *Doty,* 8 Ind. 370; *Stackhouse* v. *The City of Lafayette,* 26 Ind. 17; *Baker* v. *The State,* 27 Ind. 485; *Wilson* v. *Hunter,* 30 Ind. 466; *Case* v. *Bumstead,* 24 Ind. 429; *Morgan* v. *Fencher,* 1 Blackf. 10; *Clark* v. *The City of Des Moines,* 19 Iowa, 199; *Boardman* v. *Hayne,* 29 Iowa, 339; Story Agency, sec. 265; *Long* v. *Colburn,* 11 Mass. 97; 1 Parsons Con. 66–67; Angell & Ames Cor., sec. 303; *Potts* v. *Henderson,* 2 Ind. 327; *M' Henry* v. *Duffield,* 7 Blackf. 41; *Feeter* v. *Heath,* 11 Wend. 477; *Ballou* v. *Talbot,* 16 Mass. 461; Story Agency, secs. 319–20.

The judgment of said Superior Court of Marion county is reversed, at the costs of the appellee. Cause remanded, with instructions to reverse the judgment of the special term, and to instruct the special term to overrule the demurrer to the appellants' answer, and proceed in the cause in accordance with this opinion.

*J. S. Harvey* and *B. K. Elliott,* for appellants.

*N. B. Taylor* and *E. Taylor,* for appellee.

