Jackson School Township *v.* Farlow.

No. 7516.

## JACKSON SCHOOL TOWNSHIP *v.* FARLOW.

SCHOOL LAW.—*Contract with Unlicensed Teacher to Teach School.*—A teacher can neither recover compensation for services rendered under a contract with the officers of a public school corporation, nor damages for a breach of such contract, unless he has been licensed to teach as prescribed by the statute.

SAME.—*License.*—*Pleading.*—*Complaint.*—In an action by a teacher upon a contract entered into by him with a township trustee, the complaint must allege that he had obtained the requisite license; and an averment that he was "prepared and qualified in every particular to perform all the conditions of the contract" is not equivalent to such an allegation.

SAME.—*License not Condition of Contract.*—The requirement that public teachers shall obtain a license is not a condition of the contract, but is a command of the law.

SAME.—*Contract.*—*Descriptio Personæ.*—*Estoppel.*—In the introductory clause of a contract to teach school, the contracting parties were described as "M. P., trustee of J. township, and J. F., a licensed teacher." *Held*, in an action on the contract by the teacher, that the words annexed to his name are not only used by way of recital, but are merely *descriptio personæ*, and are not in the form of a stipulation, and did not estop the township trustee from asserting that the plaintiff did not have the requisite license.

SAME.—*Township Trustee.*—A township trustee can not, by inserting a provision by way of recital in a contract, nullify the provisions of the statute.

PLEADING.—*Recitals.*—*Exhibits.*—*Contract.*—As a rule, matters can not be pleaded by way of recital, and a mere recital in a contract can not supply the place of positive averment; but where a recital is used as signifying a stipulation, condition or promise, a pleading may be aided by the recital in an exhibit, though it can not where the matters are introductory and stated strictly by way of recital.

SAME.—*Pleader must State Facts, not Conclusions of Law.*—A pleader who seeks to bring himself within a statute must state, not in the form of a conclusion of law, but as a traversable fact, the act done by him and relied upon as bringing him within the statute.

CONTRACT.—*Descriptive Words.*—*Signature.*—Descriptive words can not control, much less give validity to, a contract, and it makes no difference whether the descriptive words are simply appended to the signature at the foot of the contract, or annexed to the name in the body of the instrument.

From the Madison Circuit Court.

*C. L. Henry* and *W. S. Diven*, for appellant.

*H. D. Thompson*, for appellee.

ELLIOTT, J.—Appellee, plaintiff below, brought this action upon a contract entered into by him with the trustee of Jackson township, wherein he undertook to teach one of the public schools of said township for a specified time and for a fixed compensation. The complaint alleges a breach of this contract, and demands damages.

Appellant contends that the first paragraph of the complaint is bad, and that the court erred in overruling the demurrer addressed to it. The objection stated is, that it does not show that appellee had obtained a license, as required by section 28 of the school law. It is settled that a teacher can neither recover compensation for services rendered under a contract with the officers of the public school corporations, nor damages for a breach of such a contract, unless he has been licensed to teach as prescribed by the statute. *Putnam* v. *The School Town of Irvington*, 69 Ind. 80 ; *Harrison Township* v. *Conrad*, 26 Ind. 337. The paragraph under examination does not allege that the appellee had obtained the requisite license. It does, however, allege that he was "prepared and qualified in every particular to perform all the conditions of the contract." Counsel affirm that this is equivalent to an averment that a license had been obtained. We think otherwise. It may be true that the appellee was prepared and qualified for the duties of a school teacher, and yet equally true that he was an unlicensed teacher. He may have had the necessary learning and ability, and nevertheless have lacked the evidence of his competency, which the law imperatively makes a condition precedent to the right of recovery.

The purpose of the statute is to compel those who desire to enter upon the responsible duties of teachers to submit to an examination by competent school officers, and to effect this purpose the stringent provision prohibiting recoveries

by unlicensed teachers was incorporated.   The question of qualification and preparation must be determined by the school authorities, not by courts or juries.   Courts can only inquire whether the requisite license has been obtained, and, if they find that it has not been, then their plain duty is to deny a recovery.   The possession of a license is, therefore, indispensable to the right of action.   A fact so important should be directly stated, and not left to be conjectured from vague and indefinite general allegations.   It was an easy matter for appellee, when he framed his complaint, to aver that he did have the proper certificate or license.   The matter was one peculiarly within his own knowledge, and one which he might readily state, fully and directly.

The requirement that teachers shall obtain a license is not a condition of the contract, but is a command of the law. A pleader who seeks to bring himself within a statute must state, not in the form of a conclusion of law, but as a traversable fact, the act done by him and relied upon as bringing him within the statute.   One may have performed the conditions of the contract, and still not have performed the act made by law indispensably necessary to a right of action.

The views we have expressed are fully sustained by several well considered cases.   In *Casey* v. *Baldridge*, 15 Ill. 65, the declaration was upon a contract very similar to that here declared on, and contained the allegation :  "The plaintiff being then and there legally qualified to teach said school ;"  and this was held to be insufficient.   It was there said by TREAT, C. J., in delivering the opinion of the court :  "In this case the declaration is clearly defective.   It fails to show that the directors are guilty of any breach of duty.   It contains no averment that the plaintiff procured a certificate of qualification, and exhibited it to the directors prior to the commencement of the school."   The case of *Smith* v. *Curry*, 16 Ill. 147, is still stronger, for the court there sustained a motion in arrest, although the declaration contained the

averment that the plaintiff "was duly qualified." In *Botkin* v. *Osborne*, 39 Ill. 101, the earlier decisions are expressly approved, and it was said: "As the appellee is seeking to draw money from a public fund, under the provisions of the school law, she must, by the necessary averments, bring her case within its provisions." We are unable to see how any other doctrine could be held without violating familiar rules of pleading, for it is well settled that the facts constituting the breach of duty must always be distinctly alleged in such actions as the present. *Jenness* v. *School District, etc.*, 12 Minn. 448; *McComb* v. *Bell*, 2 Minn. 295; *Rhoda* v. *Alameda County*, 52 Cal. 350.

The introductory clause of the contract describes the contracting parties as "Martin Pruett, trustee of Jackson township and James Farlow, a licensed teacher." It is insisted that the descriptive words annexed to appellee's name make the complaint sufficient.

Counsel for the appellee argue that the words following the name of appellee conclude the township from asserting that he was not licensed as the law requires. This argument is plainly fallacious. A township trustee can not, by inserting a provision by way of recital in a contract, nullify the provisions of the statute.

It is clear enough that the recital does not estop the township from asserting that the appellee did not have the requisite license; but it is not so easy to determine just what force shall be given to the recital. In order to fully understand what the law requires of one who claims to receive compensation for services as a teacher, it is necessary to briefly note some of the statutory provisions upon the subject. Section 28 prohibits the employment of unlicensed teachers. Section 34 directs how and by whom the examination for license shall be conducted, and when a license shall be granted; and section 37 limits the license to the county in which it is granted. It is necessary that the teacher

should pass an examination, should be of good moral character, and should have a license from the officers of the county wherein he contracts to teach. These are all essential facts, without which no recovery can be had. Can they be inferred from the descriptive words contained in the recital which forms the introductory clause of the contract? To indulge such an inference would violate well settled rules of pleading, and under these, and not those of evidence, the question must be determined. A positive stipulation in the contract, that appellee was a licensed teacher, would not be sufficient, for that might well be true and it still be none the less true that his license was of no force or validity in the county where the contract was made. The law limits the validity of the license to the county, and imperatively prohibits the employment of teachers who are not licensed in the county where they are employed to teach.

The descriptive words are not in the form of a stipulation, but in that of a mere introductory recital. It was the rule at common law, and is the rule under the code, that matters can not be pleaded by way of recital. Facts must be positively alleged. A mere recital in a contract can not supply the place of positive averment. Recital is sometimes used as signifying a stipulation, condition or promise, and, when used in that sense, it may well be held that a pleading is aided by the recital in an exhibit, but it can not be so held where the matters are introductory and stated strictly by way of recital. The distinction is well illustrated in the case of *Shafer* v. *Bear River, etc., Co.*, 4 Cal. 294, where it was held that the mere recital of an indebtedness in a mortgage would not so aid a declaration as to make it sufficient. In *Hall* v. *Williams*, 13 Minn. 260, the principle involved in the proposition stated is distinctly declared. It was there said: "It is contended that the complaint is insufficient, because it does not allege that the defendant Williams was ever appointed deputy collector. In answer to this, it is said

that the bond recites the appointment, and as the bond is a part of the pleading, this recital found in the bond should be treated as an averment of the complaint. This will hardly do. The complaint avers that a bond was made which contains a recital to the effect that Williams had been appointed deputy collector. This is no averment of the truth of that recital. The recital may be valuable as *evidence* of a fact, but it can not be regarded as an *averment* of the fact." The rule prohibiting pleading by way of recital or rehearsal must be adhered to, or an issue could never be formed. It would be impossible to have a proposition affirmed on one side and denied on the other, if pleadings were allowed to merely recite or rehearse matters, and it can make no difference whether the rehearsal or recital is found in the body of the pleading or in an exhibit; the evil is the same in either case.

The words annexed to appellee's name are not only used by way of recital, but they are merely *descriptio personæ*. It is abundantly settled that such words can not control, much less give validity to, a contract. This is the effect of the decision in *Shepherd* v. *Evans,* 9 Ind. 260, where it was held that words of description added to the name of the payee in the body of the note exerted no controlling effect, but might be rejected as mere surplusage. This is not only the long settled doctrine of this court, but it was the settled law at least a century before this court had any existence. Enforcing the doctrine that words descriptive of the person are not of controlling force are, *Hays'* v. *Crutcher,* 54 Ind. 260; *Means* v. *Swormstedt,* 32 Ind. 87; *Kenyon* v. *Williams,* 19 Ind. 44; *Potts* v. *Henderson,* 2 Ind. 327; *Mears* v. *Graham,* 8 Blackf. 144; *Hay* v. *McCoy,* 6 Blackf. 69. In all of these cases the rule is broadly declared, that words following the names of parties operate only as mere *descriptio personæ*, and it is well settled that such words serve only to identify the parties. This is the doctrine applied to contracts with administrators, trustees, receivers, sheriffs, agents

and assignees, and to licensed apothecaries. *De Witt* v. *Walton*, 9 N. Y. 571 ; *Pentz* v. *Stanton*, 10 Wend. 271 ; *Rathbon* v. *Budlong*, 15 Johns. 1 ; *Reznor* v. *Webb*, 36 How. Pr. 353 ; *Hurd* v. *City of Elizabeth*, 40 N. J. L. 218 ; *Board, etc.*, v. *Garlinghouse*, 45 N. Y. 249.

It makes no difference whether the descriptive words are simply appended to the signature at the foot of the contract or annexed to the name in the body of the instrument. *Inhabitants, etc.*, v. *Weir*, 9 Ind. 224 ; *Mears* v. *Graham*, 8 Blackf. 144 ; *Prather* v. *Ross*, 17 Ind. 495. The case of *Hobbs* v. *Cowden*, 20 Ind. 310, is strongly in point. In that case the complaint was upon an appeal bond, which was filed as an exhibit. The bond contained these recitals : "The undersigned, James Hobbs, trustee of Columbus township, * * on behalf of said township, has this day appealed to the * circuit court," and the words following the name of the obligor were held to be mere *descriptio personæ*. A still stronger confirmation of the view here expressed, that such words exert no material force, is furnished by the case of *Hayes* v. *Matthews*, 63 Ind. 412. It was held in that case that the erasure of the descriptive words, "Trustees of the First Universalist Church, of Pierceton," did not avoid a promissory note, because such words were not a material part of the instrument. To borrow an illustration, keenly and forcibly put by WORDEN, J., in *Woollen* v. *Whitacre*, 73 Ind. 198, perjury could not be assigned upon a pleading containing such an allegation as the present, although it might be incontestably true that appellee was not a licensed teacher of Madison county. As held in that case, whether perjury can be assigned, "would furnish a fair test of the construction of the pleading."

Other questions are discussed, but we deem it unnecessary to consider them, for the error in overruling the demurrer to the first paragraph of the complaint requires us to reverse the judgment.

Judgment reversed, at costs of the appellee.