FRANKLIN NATIONAL BANK *v.* KERLIN ET AL.

[No. 16,929. Filed December 22, 1942. Modification of mandate denied January 20, 1943.]

*Henry C. Barnett, Oral S. Barnett,* and *James M. Robinson,* all of Franklin, for appellant.

*George Staff,* of Franklin, and *Owen S. Boling,* of Indianapolis, for appellees.

CURTIS, J.—This was an action by The Franklin National Bank, a corporation, against the appellees, upon a certain promissory note alleged to have been executed to said bank calling for the sum of $600.00 and due 90 days after date without relief from valuation or appraisement laws, and bearing 8% interest per annum after maturity, together with reasonable attorney fees and waiving presentment for payment and protest. The complaint was in the usual form upon a promissory note. To this complaint the appellees filed a verified answer in general denial. Afterwards, the appellant filed its second paragraph of complaint upon the same note with substantially the same

allegations as those in the first paragraph. To this second paragraph of complaint a verified answer in general denial was also filed.

Upon the issues thus made, the cause was submitted to the court for trial, resulting in a finding and judgment for the appellees that the appellant take nothing by its complaint. From the above judgment this appeal has been prosecuted, the error assigned being alleged error of the court in overruling the appellant's motion for new trial, which had been duly filed.

The causes or grounds of the said motion are that the decision of the court is not sustained by sufficient evidence, and that said decision is contrary to law.

The appellees insist that no question is presented by the appellant on account of alleged failure of the appellant to set out in its brief a condensed recital of all of the evidence. It is appellant's contention that it has set out in its brief enough of the evidence to present the law question.

In the original note sued on there had been written after the printed dollar mark on the upper lefthand corner of the note the figures "600.00." The note in its body in writing contained the words "Six Hundred Dollars" as the amount of the principal of said note. It is admitted by the appellant that after the said note had been signed by the appellees and fully delivered to the appellant, that one James M. Robinson, a bank official, wholly without the authority or consent and without the knowledge of the appellees, placed the figures "65" underneath the said figures "600.00" in the upper lefthand corner of the note, and drew a line underneath and then placed underneath said line the figures "535.00." In no other respect was the note changed. The appellant has set out a sufficient amount

of the evidence to present the questions sought to have reviewed.

In this connection the appellant contends that the law question is presented as to whether or not the change made in the note, as above indicated, invalidated the note, and also contends that since the appellant admits that the changes were made in the note as above indicated, that the court is in a position to decide the question as to whether the decision of the court is contrary to law. We are inclined to the opinion that the appellant is correct in this contention and that enough has been presented by the appellant in its brief to require a decision by this court on the question of law above indicated.

The statutes in this State applicable are as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." § 19-901, Burns' 1933.

"Any alteration which changes: 1. The date; 2. The sum payable, either for principal or interest; . . . is a material alteration." § 19-902, Burns' 1933.

The appellant contends that the alteration of the note above indicated is not a material alteration within the meaning of the above statutes, its contention being that the written sum "Six Hundred Dollars" in the body of the note controls and was not changed, and that the figures on the upper lefthand corner of the note, heretofore described, are not material to the note, and that the change made therein are therefore not material changes within the contemplation of the above statute. We believe that the appellant is correct in its contention.

It has been repeatedly held in many jurisdictions

that marginal figures on the face of the note are not a part of it, and where the body of the note is in  writing and is clear and unambiguous as in the instant case that said written body of the note controls, and that the obligation of said note is not affected by a change made in the marginal figures. See *Mears* v. *Graham* (1846), 8 Blackf. 144; *The Natl. Bank of Rockville* v. *The Second Natl. Bank of LaFayette* (1880), 69 Ind. 479; *Mumford* v. *Coghlin* (1924), 249 Mass. 184, 144 N. E. 283; *Smith* v. *Smith* (1850), 1 R. I. 398; see also Daniel on Negotiable Instruments, 7th Ed., Vol. 3, Section 1638, p. 1688, where in a footnote it is stated that "A change in the marginal figures when the words written on the face of the note remain unchanged, is not a material alteration." See also §§ 1638, 1651, 1652, 1661, Daniel, *supra*.

The decision of the court is contrary to law. Judgment is reversed with instructions to grant a new trial.

NOTE.—Reported in 45 N. E. (2d) 368.