[294]     * PETER SHAFER, Respondent, *v.* THE BEAR RIVER AND AUBURN WATER AND MINING CO., Appellants.

'MORTGAGE, WHEN ACTION WILL NOT LIE.—An action will not lie on the mere recital in a mortgage of the existence of the debt.

ACTION, WHEN WILL NOT LIE.—In an action upon a promise to pay money, if the complaint contains no averment of consideration or of indebtedness except by way of recital, it is insufficient.

APPEAL from the Eleventh Judicial District.

The complaint states that the defendants, on the 10th of November, 1851, being indebted to the plaintiff and one Thomas Sharp, in the sum of three thousand dollars, and to secure the payment thereof, and as an acknowledgment of such indebtedness to be paid by Isaac Nixon, the then President of said Company, and under the corporate seal of the same, made and delivered to said plaintiff and Sharp three certain writings obligatory, as follows:

---

¹ Cited in *Union W. Co.* v. *Murphy's F. F. Co.*, 22 Cal. 626.   See 75 Ind. 122.

324

"Know all men by these presents, that we, the Bear River and Auburn Water and Mining Company, of the Town of Ophir, County of Placer, and State of California, to secure the payment, well and truly to be made, unto Thomas Sharp and Peter Shafer, of the town, county and State aforesaid, of the sum of three thousand dollars, and to be paid as follows: Three hundred dollars at or before the ensealing and delivery of these presents, two hundred dollars on the 10th day of December, A. D. 1851, and the balance in equal monthly payments of five hundred dollars each, and payable on the tenth day of each and every month until paid, have mortgaged and assigned, and by these presents do mortgage and assign unto the said Thomas Sharp and Peter Shafer, their heirs and assigns, all that certain lot and property known as the Empire Hotel, situated, lying and being in the town, county and State aforesaid (describing it). The condition of the above mortgage is such that, if the said Bear River and Auburn Water *and Mining Company shall pay or cause to [295] be paid to the said Thomas Sharp and Peter Shafer, their heirs or assigns, the aforesaid mentioned sum of three thousand dollars, at the time or times abovementioned, then this mortgage shall be null and void, otherwise to remain in full force and virtue. In witness whereof, we have hereunto set our hands and seals this tenth day of November, A. D. 1851, at the place aforementioned."

That on the 10th day of January, 1852, the said Thomas Sharp, for value received, assigned and transferred his interest in said instrument to the plaintiff, and plaintiff says that there is now due on the same the sum of two thousand dollars, with legal interest thereon; that he has demanded payment thereof from said defendants, but though they have often promised, have failed to pay the same or any portion thereof, wherefore plaintiff prays judgment for said sum of $2,000, with interest and general relief and costs.

The defendants denied the liability and promise alleged in the complaint. At the trial, the Court charged the jury as follows: The mortgage sued in this case contains a suf-

ficient acknowledgment of a debt due from defendants to found this action upon, and is sufficient of itself as a cause of action. The mortgage given in evidence is a valid and binding agreement or obligation upon the defendants, and one upon which the plaintiff can maintain an action, notwithstanding the law respecting such corporations prohibits them from making a mortgage upon the property of the company.

To which defendants excepted.

The jury brought in a verdict for plaintiff, upon which judgment was entered, and defendants appealed.

*Crocker, McKune & Robinson*, for Appellants.

*James H. Hardy*, for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY and Mr. J. WELLS concurred.

There is no express covenant in the mortgage to pay the money, and no action will, therefore, lie on its mere [296] recital of *the existence of the debt. The declaration contains no averment of indebtedness, except by way of recital, and it avers no consideration to support the promise. The Court, therefore, erred in instructing the jury that the mortgage sued on contained a sufficient recognition of an existing debt to authorize a recovey. (See 4 Kent, 145.)

The judgment is reversed and the cause remanded.