THE SECOND AVENUE RAIL ROAD COMPANY *vs.* COLEMAN.

The duty of a treasurer is to keep the moneys of his principal distinct from his own, unless it is otherwise agreed, and to pay any balance due, on demand.

And even if it be the rule that he cannot be indebted until a demand be made of him, an allegation in the complaint, that *he is indebted,* with a statement of the items of moneys received by him, is an allegation that all that is essential to *make him indebted* has been done; and consequently that a demand has been made.

In such a case, the summons is a sufficient demand; and the averment of demand is sufficient, on demurrer.

APPEAL, by the defendant, from a judgment of the special term, overruling his demurrer to the complaint.

*A. A. Thompson,* for the appellant.

*J. E. Burrill,* for the plaintiffs.

*By the Court,* MITCHELL, P. J.　The complaint shows that the defendant was the treasurer of the plaintiffs, and for a hire agreed faithfully to perform every act appertaining to the office.　It further shows that he was such treasurer and bound to perform the duties of the office from 10th January, 1855, to 17th March, 1856.　And having thus stated matters of fact, it proceeds further, in the same style, to set forth another *fact,* and says, "the plaintiffs further show that the defendant is *indebted* to them in the sum of $5886.74 for *money received* by the defendant while acting as such treasurer; and that the items in their account are as follows;" giving the amounts received on each week day from the 11th to the 21st day of January, 1856, inclusive; and then demands judgment.　The demurrer of the defendant was overruled at special term, and he appeals; arguing that a treasurer is not liable until a demand is made on him, and that none is alleged.

The duty of a treasurer is to keep the moneys of his principal distinct from his own, (unless a special agreement be made otherwise,) and to be ready at all times to pay over

what balance he owes to his principal, and to pay the balance on demand. If he cannot be indebted until a demand be made of him, the allegation, as a matter of fact, that he is indebted, with a statement of the items of moneys received by him, is an allegation that all that is essential to make him indebted has been done; and consequently that a demand has been made. In such a case the summons is a sufficient demand; and if none were made, the defendant should pay the debt, but not the costs. It may not be as definite as is proper, but it is sufficient on demurrer.

The judgment in favor of the plaintiff should be affirmed, with costs.

[NEW YORK GENERAL TERM, June 6, 1857. *Mitchell, Roosevelt* and *Peabody*, Justices.]