### JOHN N. HALL

### *vs.*

### HENRY H. WILLIAMS et al.

The failure of the party demurring to appear before the Court below upon the hearing of the demurrer, does not preclude him from insisting upon his demurrer in this Court on appeal from the order overruling the same.

In an action purporting to be brought by a collector of internal revenue against his deputy, as such, and his sureties upon the official bond executed by them, it is necessary to aver the appointment of the deputy. The recital of such appointment in the bond, which is inserted in the complaint, is not an averment of such appointment.

In cases in which good pleading requires a special request to pay money to be averred, the general language " though often requested " is sufficient as against a demurrer.

An appeal is taken in this action, by certain defendants who had demurred to the plaintiff's complaint, from an order of the District Court for Blue Earth county, overruling their demurrer.   The case is fully stated in the opinion of the Court.

CORNELL & BRADLEY for Appellants.

WILKINSON & WOOLFOLK for Respondent.

*By the Court*—BERRY, J.—The complaint in this action alleges that the plaintiff was duly appointed by the President of the United States collector of taxes for the 1st collection

Hall v. Williams et al.

district of Minnesota, under the internal revenue act; that he accepted, and entered upon the duties of such appointment; that being about to appoint Henry Howell Williams, one of the defendants herein, deputy collector, he required of him a bond, whereupon the said Williams, together with the other defendants, executed to plaintiff a bond, the condition of which reads as follows: " The condition of the foregoing obligation is such, that whereas the President of the United States hath appointed the said John Norris Hall collector of taxes for the first collection district in the State of Minnesota, under an act of Congress entitled 'an act to provide internal revenue to support the government, and to pay interest on the public debt;' and whereas the said John Norris Hall hath appointed the said Henry Howell Williams the deputy collector of the eleventh division in said collection district, composed of the county of Scott, in the State of Minnesota; now, therefore, if the said Henry Howell Williams shall truly and faithfully execute and discharge all the duties of deputy collector of said division according to law, and shall justly and faithfully account for and pay over to the designated United States depositary at Saint Paul, Minnesota, in compliance with the orders and regulations of the Secretary of the Treasury of the United States, or when requested by the said John Norris Hall, all public moneys which may come into his hands or possession, together with the fees and commissions of the said John Norris Hall, as such collector, except such part or portion of such fees and commissions as the said Henry Howell Williams may be entitled to retain by reason of any agreement with the said John Norris Hall, as compensation for his services as such deputy collector, and shall in all things perform the duties of such deputy collector, according to law, then the above obligation to be void and of no effect; otherwise it shall abide and remain in full force and virtue."

The complaint further alleges, "that between the first day of September, A. D. 1866, and the thirtieth day of November, A. D. 1866, the said Henry Howell Williams received money as such deputy collector aforesaid, amounting to the sum of eighteen hundred and sixteen dollars and eighty-nine cents, for which he has failed to account to or pay over to said complainant, or to the designated United States depositary at St. Paul, Minnesota, according to the conditions of said bond, although often requested by this complainant so to do ; but on the contrary, said defendant, Henry Howell Williams, has fraudulently and in breach of his trust converted and appropriated to his own use the said sum of eighteen hundred and sixteen dollars and eighty-nine cents, the same being a part of the tax collected by him as deputy collector of said eleventh division aforesaid, from the said first day of September, 1866, to the said 30th day of November, 1866 ; and although often requested to pay over the same has hitherto refused so to do, either to this complainant or to said designated United States depositary aforesaid, and still refuses so to do, and that no part thereof has been paid. Wherefore this complainant demands judgment," &c.

The defendants Strait and How demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The issue upon demurrer was noticed for trial by the plaintiff, who appeared upon the hearing, but there was no appearance for the defendants. The demurrer was overruled, and from the overruling order this appeal is taken. It is insisted that the defendants ought not to be heard in this Court in objection to the order, because they failed to appear upon the hearing below. We think otherwise. *Ch.* 63, *Laws* '67, *page* 107, in general terms allows an appeal from an order overruling a demurrer. Whatever the Court below might have done in behalf of the plaintiff under

Hall v. Williams et al.

the provisions of *Sec.* 202, *page* 478, *Gen. Stat.*, the order in this case seems to be that which is usually made upon the overruling of a demurrer, with the ordinary privilege of amendment.    The order also appears to have been made upon an *examination* of the complaint and demurrer.    It is contended that the complaint is insufficient, because it does not allege that the defendant Williams was ever appointed deputy collector.    In answer to this, it is said that the bond recites the appointment, and as the bond is a part of the pleading, this recital found in the bond should be treated as an averment of the complaint.    This will hardly do.    The complaint avers that a bond was made which contains a *recital* to the effect that Williams had been appointed deputy collector.    This is no averment of the truth of that recital.    The recital may be valuable as *evidence* of a fact, but it cannot be regarded as an *averment* of the fact.    See dissenting opinion of Justice Woodruff, 1 *Ab. Pr. R.*, 341.    See also *Bowdoin vs. Coleman*, 3 *Ab. Pr. R.*, 439.    The complaint then containing no averment of the appointment of Williams, the demurrer was well taken.    The appellants' counsel upon the argument contended further that the complaint was demurrable for failing to aver a special request to pay over the money collected. But as against a demurrer, under the code, the general language "although often requested" is sufficient.    *Varley vs. Manton*, 23 *E. C. L.*, 308; *Carpenter vs. Brown*, 6 *Barb.* (*S. C.*,) 150; *Second Av. R. R. Co. vs. Coleman*, 24 *Barb.*, 300.

Order reversed.