Winter v. Winter.

---

## JACOB N. WINTER, Respondent, v. WILLIAM H. WINTER, Appellant.

ALLEGATION BY WAY OF RECITAL — GENERAL DEMURRER INSUFFICIENT. If a complaint states a substantial allegation only by way of recital, the defect should be objected to specifically and can not be taken advantage of on general demurrer.

PRESCRIPTIVE TITLE—"CLAIM OR COLOR OF RIGHT." A complaint setting forth that defendant for upwards of five years has been diverting and using water belonging to plaintiff, does not allege a prescriptive right in defendant, there being no allegation that such diversion and use was under claim or color of right.

RIGHT TO ANSWER AFTER DEMURRER OVERRULED NOT ABSOLUTE. Where a demurrer to a complaint was overruled and judgment rendered for plaintiff, there being neither showing nor suggestion of a defense on the merits: *Held,* that defendant was not entitled as a matter of absolute right to answer.

APPEAL FROM ORDER REFUSING TO SET ASIDE JUDGMENT. The propriety of an
order refusing to set aside a judgment can not be considered, if such order be not
appealed from within the time prescribed by the statute.

"DEFAULT" NOT NECESSARY TO SUPPORT JUDGMENT AFTER DEMURRER OVERRULED.
Where a demurrer to a complaint has been overruled an entry of default is not
a prerequisite to the rendition of judgment.

APPEAL from the District Court of the Second Judicial
District, Douglas County.

The complaint in this case alleged:

"1.    That the said plaintiff, Jacob N. Winter and his
grantors, are now and since the year 1857 have been the
owners of and in the lawful and peaceable possession of a
certain tract of land, situate in the County of Douglas and
State of Nevada, containing about two hundred acres and
known as the Jacob N. Winter Ranch, in Jack's ·Valley,
State and county aforesaid.

2.    Plaintiff further shows that upon the tract of land
now owned by him in the year 1858 and continuously since,
except when diverted by the said defendant, the waters of a
certain creek, known as the Jack's Valley Creek, naturally
flowed, and that in the year 1858 and continuously since
during the irrigating season of each year, during the space
of two days and nights of each.eight days in the months of
April, May, June, July, August, and September, the whole
of the waters of said creek were used and appropriated by
the plaintiff upon his said lands for irrigating and other
useful purposes, except when diverted by the said defend-
ant; and that all the waters of said creek were and are neces-
sary to be used on said lands of this plaintiff for the space
of time above mentioned (except as hereinafter set forth)
for the purposes aforesaid, the said plaintiff since the year
1858 having been and now being engaged in cultivating
crops of grain, hay, vegetables, orchards, and in pasturing
stock on said lands.

3.    That during the irrigating seasons of the year since
1858, all the waters of said creek for the period of two days
and nights of each eight days in the month aforesaid (ex-
cept as hereinafter stated) were necessary to be used and
were used upon the lands of this plaintiff for the purposes
aforesaid, except when wrongfully diverted by said de-
fendant.

4.    That the said defendant is of right entitled to the use
of the said waters of said creek one eighth of the time that
said plaintiff has the right to use and enjoy the same and is

not of right entitled to use the waters of said creek for any greater portion of the time that plaintiff has the use of the same; that when said plaintiff has the use of the waters of said creek for two days and nights, said defendant is entitled to use of all the waters of said creek for the space of six hours out of the forty-eight to which this plaintiff is entitled to use and enjoy the same.

5. That during the irrigating season of the year 1871, and when all the waters of said creek were necessary to be used and were being used upon the plaintiff's lands for the purposes aforesaid, and after the rights of plaintiff had become fixed and vested by prior use and appropriation, (the said waters being conveyed over and through the lands of plaintiff by means of ditches,) the said defendant wrongfully and unlawfully, and in total disregard and violation of the rights of this plaintiff, has diverted the waters of said creek from its natural channel, and by means of ditches and flumes has caused the waters of said creek to flow upon the lands of defendant for a longer period of time than six hours out of the forty-eight to which this plaintiff is entitled to use the same, to wit: for the space of one day and night of the time plaintiff is entitled to use said waters, and has thereby deprived said plaintiff of the use and enjoyment of the waters of said creek for the space of eighteen hours in each eight days of the irrigating season to which he is entitled, to his great and irreparable damage in the injury done to his crops, orchards, meadow, and pasture lands, and his stock.

6. That by reason of the wrongful and unlawful diversion of the waters of said creek by the said defendant, his agents, servants or employees during the irrigating season of the year 1871 thus far, this plaintiff has been damaged in injury done to his crops, orchards, and pasture lands and stock in the sum of $500, U. S. gold coin.

7. That defendant threatens the continued diversion of the waters of said creek during the remaining part of the irrigating season of the present year and indefinitely in the future; and if said waters shall be diverted as they are now being diverted by the defendant the damage to the crops, orchards, pastures, and stock of this plaintiff on said lands will be for the remainder of the present irrigating season $500 in U. S. gold coin.

8. Plaintiff further shows that the amount of water now flowing in the natural channel of said creek and its head branches is much less than the quantity of water that has

been for many years last past appropriated and used by this plaintiff on his said lands during the irrigating season for the purposes aforesaid. "

The prayer was for a decree declaring plaintiff entitled to the exclusive use and enjoyment of all the waters of Jack's Valley Creek for the space of forty-two hours in each eight days of the irrigating season of the year, and defendant entitled to the use and enjoyment of the waters of said creek for the space of six hours in each eight days of the irrigating season of the year and no more; also for damages in the sum of $500, and $500 additional if the diversion should continue the balance of the irrigating season and for general relief.

Defendant interposed a demurrer on the grounds: 1st, that the complaint did not state facts sufficient to give the court jurisdiction, in so far as it did not state where Jack's Valley Creek was, nor the land upon which it flowed or upon which the alleged diversion took place; 2d, that the complaint did not state facts sufficient to constitute a cause of action in so far as it did not show that plaintiff had or ever had any exclusive right to the water of said creek for any period of time whatever, but did show that plaintiff's rights, if any, were subject and subservient to defendant's rights, it being inferentially stated that defendant had been continuously diverting said water since 1857 without any complaint or objection by plaintiff; and, 3d, that the complaint showed that, if plaintiff ever had any cause of action against defendant, it had long since been barred by the statute of limitations. ·

At the December term, 1871, of the court below, the demurrer seems to have been submitted without argument and was overruled; and it was thereupon, and as a part of the same order, directed by the court that plaintiff should have judgment as prayed for in the complaint; and judgment was entered accordingly, on December 4, 1871. Within a day or two afterwards defendant moved to set aside the judgment, which motion was denied on December 12, 1871. On July 8, 1872, defendant filed notice of appeal from the

judgment and also from the order refusing to set aside the judgment.

In the statement on appeal, the circumstances of the over-ruling of the demurrer and entry of judgment are thus stated:

"On the 4th day of December, 1871, upon the hearing of the demurrer in the above entitled cause, D. W. Virgin, Esq., whose name appears as the attorney of defendant signed to the demurrer in said cause, stated in open court that he was simply employed to interpose a demurrer, and that with the filing and serving of the same his connection with the case terminated. Thomas Wells, appearing for defendant, confessed the demurrer as not well taken and asked for time to answer. P. H. Clayton moved the court for judgment upon the pleadings, insisting that it was evident from the statements of defendant's counsel that the demurrer was interposed purely for delay; when the court announced that, being satisfied that the demurrer was interposed only for delay, the motion of plaintiff's counsel be allowed; and said court overruled and disallowed said demurrer, and then and there refused to allow said defendant to answer to the merits in said action, and ordered judgment and decree in favor of plaintiff, as prayed for in his complaint."

*Ellis & King,* for Appellant.

I. The demurrer that the complaint does not state facts sufficient to constitute a cause of action was well taken. Plaintiff alleges his ownership of a piece of land and then indulges in a long narrative as to the use of water upon the same as a fact, but no where claims the *right* to use any certain part or proportion of the stream, or any water whatever, or his possession of any water right, privilege, or franchise whatever. He makes no claim to any exclusive use or right to water and only alleges that during the irrigating season of each year since 1858 the plaintiff had used and diverted, except where the same was being used and diverted by the defendant, certain water. There is nothing in the complaint to show how much or little water either plaintiff or defendant used in any year including 1858 up to 1871, except that in 1871 defendant used and diverted one-half of all the water now claimed by the plaintiff; and if we take this as

illustrating the use and appropriation of water by defendant during the prior years, it becomes a criterion of the respective rights of the parties and plaintiff pleads himself out of court; for he no where alleges a greater diversion of water by defendant than he himself in fact and by operation of law alleges the defendant to be entitled to, by user, appropriation and diversion continuous since 1858—more than twelve years. It seems to us that plaintiff has stated a perfect prescriptive right in defendant under our statute. There is no pretense that our diversion and use of water was by license from plaintiff or against his objection or protest, while all the time within his knowledge.

II. The judgment rendered must have been a "judgment upon failure to answer." There is no pretense of a dismissal by plaintiff, or of a non-suit, nor was it a judgment upon the merits; and there only remains a "judgment upon failure to answer." In such case the words and meaning of the Practice Act, Sec. 152, seem plain and explicit that the entry of default is an absolute prerequisite to the right to such judgment upon failure to answer.

III. The Practice Act, Sec. 67, provides that "When a demurrer to a complaint is overruled and there is no answer filed the court may * * * allow the defendant to answer." We hold that "may" here means "must." Wherever the term "may" is used in connection with a public office, matter, trust or confidence or in which the public have an interest, "may" means must. See *Howe* v. *Coldren*, 4 Nev. 177. In this case the application was made immediately. The showing of merits and defense was, that not a single day's delay was caused or could have been caused by the filing of the demurrer, while defendant's sworn answer filed upon the hearing of the motion showed a good and perfect defense, which if substantiated entitled him to relief against the plaintiff.

*T. W. W. Davies*, for Respondent.

I. The appeal from the order refusing to set aside and vacate judgment was not taken within the sixty days pre-

scribed by law, (Practice Act, Sec. 330) and therefore cannot be considered.

II.    An inspection of the complaint and demurrer will show that the demurrer was properly overruled; and in fact the defendant, by his counsel, in open court, confessed the demurrer as not well taken.    Upon the confession of the demurrer, it was in the discretion of the court below to allow the defendant to answer; and in all cases of discretion an appellant court will not interfere except in cases of gross abuse of judicial discretion.    *Smith* v. *Brown,* 5 Cal. 118; *Broadus* v. *Nelson,* 16 Cal. 79.

By the Court, GARBER, J.:

None of the points assigned for error are well taken.    The complaint would have been held sufficient as a declaration at common law upon a general demurrer.    *Luttrel's Case,* 4 Co. 88 (b); *Ashley* v. *Ashley,* 4 Gray, 197; *Story* v. *Odin,* 12 Mass. 157; *Willers* v. *Ball,* 1 Shower, 7; 2 Saunders, 113, *et seq.; Jackson* v. *Savage,* Skinner, 316; *Prickman* v. *Tripp,* Skinner, 389; Com. Dig. Pleader, C. (39); 1 Chitty Pl. 380–381; *Ib.* 391–2; *Northam* v. *Hurley,* 72 Eng. C. L. Rep. 665.    The demurrer was therefore properly overruled.    The complaint does state that the plaintiff was entitled to the water.    It is true this allegation is by way of recital, but no such objection was specified in the demurrer, and it is well settled that it can not be insisted upon under a general demurrer.    It is clear that the complaint does not state a prescriptive right in the defendant.    There is no allegation that the diversion and use of the water by the defendant was under claim or color of right.

The defendant was not entitled, as a matter of absolute right, to answer after the demurrer was overruled; and prior to the entry of the judgment he made neither showing nor suggestion of a defense on the merits.

We can not consider the propriety of the ruling on the motion to set aside the judgment, for the reason that the

appeal from the motion was not taken within the time prescribed by the statute.

An entry of default was not a prerequisite to the judgment. This was not a "judgment upon failure to answer": *quoad hoc* the demurrer was an answer.   34 Cal. 27.

The appeal from the order is dismissed, and the judgment appealed from is affirmed.

LEWIS, C. J., did not participate in the foregoing decision.