THE LEADVILLE WATER COMPANY v. THE CITY OF LEAD-
VILLE ET AL.

1. PLEADING.

The complaint in an action by a water company against a city to restrain
the latter from enforcing an ordinance prescribing rates for the use
of water, on the ground that it impairs a contract between the par-
ties that the rates to be fixed should not be less than prices for such
water supply in other towns in the state similarly situated, must
clearly show a substantial difference between the rates as fixed and
as they should be fixed. A mere general allegation of want of cor-
respondence of the schedule rates with the agreed standard will not
suffice.

2. SAME—RECITAL—DEMURRER.

An allegation by way of recital is bad, and objection thereto may be
taken by general demurrer.

3. CORPORATIONS, POWER OVER.

The general power of the legislative department to regulate the com-
pensation of a corporation for performing public services, in the
absence of a contract regulating it, is subject to the limitation that
it must be reasonably exercised, and the reasonableness of the regu-
lation is a proper subject of judicial inquiry. But where, as in the
case at bar, the corporation rendering the services and the munici-
pality have mutually agreed upon a method for determining such
compensation, and the latter has complied therewith, the former
may not insist upon its constitutional rights, and disregard the con-
tract without showing the unreasonableness or nonenforceability
thereof.

*Error to the District Court of Lake County.*

THIS action was brought for the purpose of obtaining a
decree declaring void an ordinance adopted by the city coun-
cil of the city of Leadville on the 23d day of June, 1891, fix-
ing the water rents to be paid to the plaintiff company by
the citizens of Leadville. The complaint alleges that the
plaintiff company was organized in the year 1878, for the
purpose of building a system of waterworks to supply the
town of Leadville and its inhabitants with water for fire,
domestic, and other purposes; that on the 9th day of Jan-

uary, 1879, it entered into a contract with the town of Leadville, in which the prices to be paid by the town to the plaintiff company for supplying water for fire hydrants, and for other purposes of the town in its corporate capacity, were fixed, in which also was the following clause in relation to the prices to be charged of individual citizens:

" That the said party of the second part [being the water company] will furnish to the citizens of said town water for general purposes at such rates and prices as may be fixed by said board of trustees from time to time, *said rates not to be less than prices for such water supply in other towns of the state similarly situated.*"

There is a further allegation that on the same day, and as a part of this contract between the parties thereto, the board of trustees duly passed an ordinance, in the third section of which is the following: "And said company [meaning the plaintiff company] is hereby authorized to charge and collect, from each person supplied by it with water, such rents as may be *agreed* upon between said company and the town of Leadville."

It is also alleged that thereafter the town of Leadville became merged in the city of Leadville, a city of the second class under the laws of this state, which city succeeded to all the rights, and became, and is, subject to all contracts made by the town of Leadville; that the city council, acting as the successor of the board of trustees of the town, on the 23d of June, 1891, passed an ordinance purporting to fix, in accordance with this contract, the rates to be charged by the plaintiff company for supplying water to individual consumers in the city, which ordinance is alleged to be contrary to, and in violation of, the terms of the contract between this plaintiff and the defendant city, beyond the powers of the city to pass, and which provides grossly unreasonable rates for the services furnished by plaintiff, hence void.

The breach of the contract and of the defendant's duty is alleged in the following words:

" That in and by the terms of said contract it is provided

that said rates shall not be less than prices for such water supply in other towns of the state, similarly situated.

"That it was the intention of the parties to said contract, and in making said contract, that the rates and prices to be paid this plaintiff should not be less than the rates and prices paid the other water companies in this state, taking into consideration the difference in the cost of the plant, installation, maintenance and operation of other water works in said state and the water works of this plaintiff.

"That the rates attempted to be fixed and established by said ordinance are less than the prices for such water supply in the following named towns in the state of Colorado, to-wit: Pueblo, Pueblo county, Central City, Gilpin county, and Aspen, Pitkin county, being other towns in this state similarly situated."

There is a further allegation in the complaint:

"That the passage and adoption of said ordinance and the attempt thereby made to fix and establish rates to be charged by this plaintiff for supplying water to the citizens and inhabitants of said city of Leadville and the customers of this plaintiff was and is contrary to and in violation of the terms and conditions of the said ordinance of the board of town trustees of the town of Leadville hereinbefore set forth, passed and adopted on the 9th day of January, A. D. 1879, in that this plaintiff never agreed to the rates or rents attempted to be fixed and established in and by said ordinance, but that the plaintiff, at and before the date of the pretended passage and adoption of said ordinance, strenuously and persistently protested and objected to the passage or adoption of said ordinance or any ordinance which would be contrary to and in violation of the terms of the said contract between the plaintiff and the city of Leadville."

The complaint, although it purports to contain but one cause of action, continues with an averment that the effect of this ordinance would be to take from the plaintiff its property without due process of law; for the revenue which would be received from the collection of the said rates would

be insufficient to pay its necessary operating expenses, interest on the bonded indebtedness of the company, and would give nothing by way of income upon the original investment; the claim being that the rates are grossly unjust, unreasonable and oppressive, and would result practically in the confiscation of its property.

A temporary writ of injunction upon the original complaint was issued restraining the defendants, who are the city in its corporate capacity, the mayor, and the individual aldermen, from attempting to exercise or enforce the said ordinance.

An amended complaint was afterwards filed, which is the one upon which the plaintiff now relies. A general demurrer thereto was filed by the defendant, which was sustained, the temporary writ of injunction dissolved, and the complaint dismissed. From this judgment the plaintiff is prosecuting this writ of error in this court.

Mr. JOSEPH W. TAYLOR and Mr. JOHN M. MAXWELL, for plaintiff in error.

Mr. N. ROLLINS, Mr. R. D. McLEOD and Mr. J. E. HAVENS, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

It seems to be conceded that the contract, as set out in the complaint, if it can be construed as constituting an agreement upon prices for the use of water, is within the power of the city to make. No question is raised by either party as to the reasonableness or enforceability of that part thereof which provides the test or the method the city shall employ in fixing the schedule of rates. The contention of the appellant is that this ordinance is void for the following reasons:

*First.* There is no legislation in this state giving to a municipal corporation, in the absence of a contract to that effect, the power to prescribe rates to be charged by a water

company.  Under subdivision 69 of section 4403, 2 Mills'
An. Stats., when the right to build waterworks is granted by
a municipality to a private corporation, the former may au-
thorize the latter to charge and collect from individual con-
sumers only such water rent as may be agreed upon between
said corporation building said works and said city.  There
having been no agreement made between the plaintiff and
the defendant in this case for such rates, the ordinance pur-
porting to fix this schedule of rates is *ultra vires* the city,
and therefore void.

*Second.*  Assuming, for the purposes of the argument, that
the contract mentioned in the complaint is an agreement be-
tween the city and the Water Company which gives to the
former the power to fix rates, provided only they are not less
than the rates in towns and cities in this state similarly sit-
uated, this ordinance violates the terms of the contract in
that the rates, as fixed therein, are less than those in such
similarly situated towns.

*Third.*  Irrespective of, and notwithstanding, the statutes
of this state, the contract between the parties, and the ordi-
nance which is a part thereof, and which was passed in pur-
suance of the statute, the city has not the power to fix for
the Water Company rates so low that the income of the com-
pany to be derived therefrom would be insufficient to pay
the actual expenses necessary to operate the works, interest
on the bonded indebtedness of the company, and a reason-
able interest, or some income, on the original investment;
the argument being that if the city could do so, it would
practically have the power to take from the Water Company
its property without due process of law.  The claim is that
the rates fixed by this ordinance are so unreasonably oppres-
sive and unjust that the revenue which the Water Company
would derive therefrom would be not only inadequate to
pay such expenses, interest and income, but that in order to
pay such expenses and interest, and not considering the
question of income at all, the stockholders of the company

will be compelled to pay out of their own resources large sums of money to make up the deficit.

From the form of the complaint it would seem that the plaintiff is attempting to state but one cause of action, made up of three separate and distinct grievances, logically referable to the three separate statements of which mention has just been made.

Unquestionably, the statute cited provides that such water rents may be collected by the Water Company as are agreed upon between the plaintiff and the city. As by contract a particular method is provided, it is contended by the appellant that the city has no right to prescribe water rents in the absence of such agreement, or, at least, in the absence of an honest, but unsuccessful, attempt by it to come to such an agreement with the Water Company upon a schedule of rates.

We do not concede the correctness of this as a legal proposition; but, if it is true, it does not avail appellant, for the contract set out in the complaint constitutes an agreement between the company and the city that these water rents shall be whatever the city may, by ordinance, from time to time, designate, provided only that they shall not be less than in towns and cities in the state similarly situated to the city of Leadville.

We are, however, clearly of the opinion that the allegations of the complaint as to a breach by the defendant of this contract are not good. Upon this branch of the case, the plaintiff asks the court to enjoin the municipal authorities from enforcing this ordinance on the ground that its schedule of rates is less than in towns and cities in this state similarly situated to Leadville, whereas by the contract between the city and the Water Company these rates were not to be less than in such towns.

Therefore, it is incumbent upon plaintiff, when it asks for such extraordinary relief, in some manner to show to the court that there is a substantial difference between the water rates as fixed and as they should be fixed; and it is not enough merely to allege that such rates do not correspond,

without showing to the court wherein, or to what extent, there is a difference to justify the interposition of a court of equity ; nor is it enough to apprise the defendant so that it may intelligently prepare its defense.

But the most substantial defect in the complaint, and the one upon which the decision here might be safely and solely rested, is in the allegation with reference to similarly situated towns. It is merely by way of recital that Pueblo, Central City and Aspen, being towns of this state similarly situated, the rates as fixed by the defendant are less than the rates in such towns.

At common law the rule was unquestioned, and under the code procedure is almost universal, that allegations by way of recital are insufficient, and objection thereto may be taken advantage of by a general demurrer. There is a case to which our attention has been called,—that of *Treadway v. Wilder*, 8 Nev. 91, followed by *Winter v. Winter*, 8 Nev. 129, —which seems to hold that such objection must be specifically pointed out in the demurrer, or, if not, that it is waived ; but this is contrary to all the other authorities, so far as our examination has extended. In his work on Remedies and Remedial Rights, secs. 449 and 450, Mr. Pomeroy refers to these cases with his emphatic disapproval, stating that the doctrine announced is erroneous. To the same effect, also, are : Bliss on Code Pleading (3d ed.), sec. 318, and cases cited ; *Shafer v. B. R. & A. W. & M. Co.*, 4 Cal. 294 ; *Hall v. Williams*, 13 Minn. 260 ; *Jackson School Tp. v. Farlow*, 75 Ind. 118 ; *I. B. & W. Ry. Co. v. Adamson*, 114 Ind. 282.

The reason given for this rule is that an allegation by way of recital cannot be denied, and no issue concerning it can ever be raised.

In a late case,—*The City of Des Moines v. Des Moines Water Works Co.*, 64 N. W. Rep. 269,—an ordinance which provided that the water company should have the right to charge the citizens for such water as may be supplied them " as much and no more than the average price paid therefor in other cities of the United States having efficient wa-

terworks operated by private companies," was held to be unenforceable because it was unreasonable, indefinite and impracticable. In connection therewith, a clause providing for an arbitration for fixing the schedule of rates in case the city and the waterworks company disagreed, was also held void, because the arbitrators under the ordinance were to fix the rates, not with a view to their reasonableness, but simply were to ascertain and prescribe such rates as were in the original ordinance provided for the water company. We must not be understood as intimating that the ordinance there construed is, in legal effect, the same as the clause in this contract under discussion. There may be such differences as that the rule in the one case is inapplicable to the other.

We are not, however, called upon to determine the reasonableness or enforceability of that clause of this contract prescribing the method for fixing a schedule of rates, for the Water Company itself predicates its right to relief, and its whole case is based upon the right which it has under this contract to have the city prescribe as rates to be charged by it of individual citizens the same rates, or the equivalent of such rates, as are in force in similarly situated towns and cities; and up to the present time the city has not questioned the reasonableness or attacked the validity of the contract. There will be time enough to pass upon this question when one of the parties to this controversy raises it.

The second proposition may be briefly dismissed with the statement that the assumption of fact therein made is unfounded; because, according to the complaint itself, an agreement between the city and the Water Company for the fixing of prices has been made, which, in argument, by counsel on both sides, is conceded.

The third proposition, standing by itself and entirely disconnected from other allegations of the complaint, would present a more serious difficulty. In the present state of the pleadings, we must assume that there is an enforceable contract between the city and the Water Company for the ascer-

tainment of water rents.    The plaintiff, however, while insisting upon its contract rights, apparently also relies upon the distinct proposition that it is not within the power of the city council arbitrarily to fix rents for its service without regard to their reasonableness.

Certainly, in the absence of a valid contract to the contrary, this is the law to which many cases, particularly from the federal courts, might be cited.   Corporations or individuals exercising public franchises or performing public services, unless there is a contract otherwise providing and which exempts them from the operation of the general rule, are subject to the power of the legislative department of the government to regulate their compensation for such services.

There is, however, a limitation to this general doctrine, necessarily implied, which is that such compensation must be reasonable, and it is a proper subject of judicial inquiry and determination, and under the guise of regulation must not be so inadequate as practically to result in confiscation of property, or to take property without due process of law. The case of *C. M. & S. P. Ry. Co. v. Minnesota*, 134 U. S. 418, is a leading case upon this point.   See, also, *Water Works v. San Francisco*, 82 Cal. 286.

When, however, as in the case at bar, the parties by mutual arrangement prescribe the mode whereby this compensation is to be determined, if the method selected is reasonable and practicably definite and not unconscionable, we fail to perceive why either party may not as against the other insist upon its enforcement.   Indeed, that is just what the plaintiff attempts to have done in this case, but, as we have already determined, through a defect in its pleading there is no allegation that defendant has violated its contract.   Until it appears to the court that this contract for some good reason is not enforceable, the Water Company is not in a position to call upon the courts to determine the reasonableness of the rates as fixed by this ordinance, while at the same time it insists upon its right to an enforcement of a contract which, for aught that appears, has been complied with by the de-

fendant in the adjustment of rates. It would be inequitable to permit the Water Company to press both these claims, inconsistent as they may be, at one and the same time in one suit.

Besides this, if appellant were relying solely upon its constitutional rights, unaffected by contract, the complaint is insufficient to show, upon plaintiff's own basis of estimate, that the rates in this ordinance are unreasonable; for it does not clearly appear that the cost or value of the plant is what plaintiff computes it. But, aside from this, the plaintiff seems to have omitted from the calculation of revenue the rents which it receives from the city for the supply of water for municipal purposes proper. What the aggregate of these rentals is, is not shown; neither is there any complaint that the compensation therefor is inadequate.

If, moreover, it is inconsistent with the truth for the plaintiff to aver that there are in this state towns and cities similarly situated to the city of Leadville in the respect contemplated by this contract, and, on the contrary, the facts are that there are no such towns or cities; or, if there are such, then that such municipalities have not by ordinance fixed water rates, or that there are not in force in such municipalities water rents or rates which the individual consumers are required to pay; or that, for some reason, not thus far appearing in the pleadings, the methods prescribed by the contract for ascertaining the rents is not practicable or enforceable, another and entirely different question might arise. In the first three of these hypothetical cases, the conditions having failed which the parties to the contract contemplated, and, in the latter, the methods which were made the measure or the test to be followed by the city, and with which the city must comply, in fixing the prices, proving impracticable, the courts might be called upon to determine just what power the city has in fixing rates, or to pass upon the reasonableness of an ordinance adopted by the city purporting to fix such rates. But such a case is not now before us, and we must not be under-

stood as expressing an opinion or laying down any rules as applicable to the facts of any case except the case at bar as presented by the record.

The judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*