[No. 4769.]

## WILSON v. KENT ET AL.

1. **Trusts and Trustees — Enforcement of Trust — Liability of Trustee.**

   Where a trustee holding mining property received certain moneys and shares of stock on account of the trust estate, which were to be sold by him and the proceeds to be divided pro rata among certain judgment creditors, and he repudiates such trust and contends that he holds the property as trustee for the sole purpose of collecting from the sale thereof sufficient to pay the judgments, the balance, if any, to remain his individual property, he is liable for an accounting to the beneficiaries for the amounts received.—P. 494.

2. **Trusts and Trustees— Accounting—Pleading—Complaint— Sufficiency—Demurrer.**

   In an action against a trustee for an accounting, a complaint which shows upon its face that defendant holds the property in trust upon certain conditions; that he repudiates those conditions, and contends that he holds upon certain other conditions; and also shows that he has collected certain moneys and refuses to account, is good against a general demurrer that such complaint does not state facts sufficient to constitute a cause of action.—P. 494.

3. **Same.**

   In an action for accounting against a trustee holding property for plaintiffs, their interests being in proportion to the amount of a several judgment obtained by them against a mining company, an allegation in the complaint that certain of the plaintiffs, in order to redeem the property from a sale, advanced moneys for the use and benefit of the plaintiffs, in consideration of which it was agreed they should hold such interest in the premises or moneys received therefrom as the sum advanced bore to the total sum of the judgments, is good against a demurrer on the ground of ambiguity in that it cannot be determined therefrom what interests such certain plaintiffs have in such estate.—P. 495.

4. **Appellate Practice—Trusts and Trustees—Removal of Trustee—No Exception—Review.**

   Where there was no exception taken to the action of the trial court in removing a trustee and the appointment of his successor, the question cannot be reviewed on appeal.—P. 496.

5.  **Practice in Civil Actions—Plaintiffs—Parties in Interest—Assignment of Interest—Effect.**

In an action for accounting against a trustee, evidence that some of the plaintiffs had assigned all interest in the subject-matter of the suit is admissible, since the action must be brought in the name of the real parties in interest, and the action of the court in refusing to allow defendant to show such facts constitutes reversible error.—P. 496.

6.  **Appellate Practice—Matters Insufficiently Set Forth in Abstract.**

An assignment that the trial court erred in setting aside the report of a referee and in making special findings, and that the special findings were not warranted by the testimony, will not be reviewed on appeal where such matters are so insufficiently set forth in the abstract as to render it impossible to obtain an intelligent idea as to what the report of the referee contained, or as to what were the findings and judgment of the court.—P. 496.

*Appeal from the District Court of San Miguel County.*

*Hon. Theron Stevens, Judge.*

Action by Joseph Kent, P. P. Steinwandel, John Gault, F. W. Moore as assignee of Jerry Haverly, R. N. Rogers and Charles Dollarhide against R. H. Wilson. From a judgment in favor of plaintiffs, defendant appeals.  *Reversed and remanded.*

Messrs. FITZGERALD & BROWN, Mr. R. H. WILSON, Mr. CALVIN E. REED, and Mr. ERNEST L. WILLIAMS, for appellant.

Messrs. HOGG & WATSON, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint in this action shows that defendant, Wilson, had the legal title to certain mining property as trustee for the plaintiffs, the interest of the plaintiffs being in proportion to the amount of certain several judgments obtained by them against The Eagle Gold Mining Company; that, acting as

such trustee, defendant received certain moneys and certain shares of capital stock of The Colorado Gold Mining and Milling Company, a corporation, which moneys and stock came to his hands on account of the trust estate; that the defendant, in violation of his duties as such trustee, refused to account to plaintiffs and their beneficiaries under the trust for the moneys and stock so received and held by him, but that he falsely and fraudulently claimed the entire sum so paid and the stock so held as his individual property, as well as the premises held by him as such trustee, subject only to the payment of the judgment; that he refused to account to the plaintiffs and their beneficiaries for any other or greater sum than the amount due upon the judgments.

As gathered from the complaint, the theory of the plaintiffs is, that the property was held in trust by defendant, to be sold by him, and when sold, the proceeds of the sale to be divided among the judgment creditors *pro rata,* according to the amounts of the judgments; but that the defendant repudiated this trust, and contended that he held the property as trustee for the sole purpose of collecting from the sale thereof sufficient to pay the judgments, the balance, if any, to remain as his individual property.

Without attempting to set out the complaint in full, the foregoing is a fair synopsis of it.

To this complaint the defendant demurred, because it failed to state sufficient facts to constitute a cause of action. The demurrer upon this ground was rightly overruled. The complaint shows upon its face that defendant held the property in trust upon certain conditions; that he repudiated those conditions and contended that he held it upon certain other conditions. It also shows that he had collected certain moneys for which he refused to account.

The second ground of demurrer is, that there is a misjoinder of parties plaintiff. Wherein the misjoinder consists does not appear in the demurrer nor upon the face of the complaint.

The third ground of demurrer is, that the complaint is ambiguous, unintelligible and uncertain, in that it cannot be gathered from it what interests plaintiffs Steinwandel, Gault and Rogers, or either of them, have in the trust estate. In this respect, the allegation of the complaint is as follows:

"That the plaintiffs, Kent, Steinwandel, Gault, Moore and Rogers, for the purpose of redeeming said property from the sale so made to The Tomkins Hardware Company, advanced sufficient moneys to fully redeem the said premises from said sale * * * for the use and benefit of the plaintiffs in said execution of date February 15. * * * In consideration of so redeeming said premises, the grantors named in the junior judgment agreed that the said persons so redeeming should hold such interest in said premises or any moneys received therefrom * * * as such sum so advanced bore to the sum total of both said judgments."

This, with other allegations of the complaint, sufficiently shows the interest which Steinwandel, Gault and Rogers held in the trust estate. The demurrer was properly overruled.

The answer, among other things, denied the contract made by the parties furnishing the money to redeem, as shown in that portion of the complaint just quoted. There is also a clause in the answer denying all portions of the complaint not admitted by the answer.

The second assignment of error is, that the court erred in permitting plaintiffs, over the objection of defendant, to introduce any evidence under the amended complaint because the complaint failed to

state a cause of action in favor of the plaintiffs, Steinwandel, Gault or Rogers.

As we have seen, the complaint does show that these parties had an interest in the transaction.

The third assignment of error is, that the court erred in removing defendant as trustee and in the appointment of V. U. Rogers. The abstract of the record is silent as to the removal of the defendant as trustee, except as shown by the testimony of Rogers, who says: "I am trustee appointed by the court as successor to R. H. Wilson." Nowhere in the abstract does it appear that any exception was taken by defendant to his removal, if he was removed, nor to the appointment of Rogers as his successor, if such was the case. Consequently, we are unable to pass upon the regularity of such proceeding if it occurred.

Defendant offered to prove that plaintiffs, Kent and Moore, had assigned all interest in the subject-matter of this suit. Objections were made and sustained to this offer, and in this the court erred. It is a fundamental principle that actions must be brought in the name of the real party in interest. If these parties had transferred their interest previous to the commencement of the suit, they were not proper parties plaintiff, and the action could not be maintained on their behalf. If the assignment was made after the commencement of the suit, if any assignment has been made, there should have been a substitution of parties plaintiff. One who has parted with his interest cannot maintain an action in respect to it.—*Smith v. Brittenham,* 109 Ill. 540.

It is further urged that the court erred in setting aside the report of the referee and of making special findings; that the special findings were not warranted by the testimony. We are not able to pass upon these objections, for the reason that the matters upon which they are based are so insufficiently abstracted

as to render it impossible for the court to obtain any intelligent idea as to what the report of the referee contained, or as to what were the findings and judgment of the court.   Before we can determine whether or not a judgment is correct or is supported by the testimony, we must know what the judgment is. There is nothing in this abstract to show that a referee was appointed.   The abstract of the findings which were said to have been made by a referee is so incomplete as to render it impossible for us to determine what they were, and so with the judgment. Consequently, we are unable to express an opinion as to the merits of these objections.

Because of the error of the court in refusing to permit defendant to show that certain of the parties were not the real parties in interest, the judgment must be reversed.   If the matter is retried, it should be *de novo* upon the entire issue.          *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.