No. 13,881.

ESTATE OF CLAVEL.
CLAVEL, ADMINISTRATRIX *v.* FOUGNIER.
(56 P. [2d] 53)

Decided March 16, 1936.

Mr. B. F. REED, Mr. R. HICKMAN WALKER, Mr. C. W. DARROW, Mr. C. H. DARROW, for plaintiff in error.

Mr. FRANK DELANEY, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

SUIT for an accounting by an administratrix against one alleged to be holding in trust property belonging to her intestate. The court struck portions of the complaint, ordered plaintiff to set forth more definitely by amendment or bill of particulars the items of property claimed, struck portions of a bill of particulars filed in compliance with the order, sustained a demurrer to the complaint amended through eliminations and by what remained of the bill of particulars, and gave judgment of dismissal.

Omitting the introductory paragraph, we set forth the complaint, the stricken portions being indicated by brackets.

"1. That Fredrick Clavel, late of the county of Garfield, state of Colorado, died in said county, intestate, on or about December 7, 1932, at the age of eighty-four years, [leaving him surviving, six children including the defendant, and the descendants of one other deceased child, and this plaintiff, his surviving widow, as his sole and only heirs at law], [and leaving an estate of inheritance in the hands and under the control and management of the defendant herein as his trustee.]

"2. [That for the purpose of collecting and administering said estate,] this plaintiff, [as surviving widow of said decedent,] applied to the county court of said Garfield county for letters of administration upon said estate, which letters were granted and issued to her by said court on January 5, 1933, and ever since said date she has been, and now is, the duly appointed, qualified and acting administratrix of said estate, and has heretofore requested and obtained leave of said county court to institute and prosecute this action.

"3. That in the year 1917, the said Fredrick Clavel was, and for many years prior thereto had been, the owner in his own right by title vested in him in his own name, and was in the possession and control, of certain real and personal property, property rights and interests

of great value, [consisting chiefly of the promissory notes of divers parties and individuals,] and contracts and covenants for the payment of money to the said Fredrick Clavel, all adequately secured for various terms of years by valid and subsisting liens on real estate situate in the counties of Garfield, Pitkin and Eagle in the said state of Colorado, [also consisting, in some minor part, of moneys and real estate and other property rights and interests situate in said counties and in the possession of the said Fredrick Clavel;] that commencing in said year 1917, and continuing thereafter from time to time, on various numerous and separate occasions, until the death of the said Fredrick Clavel in the year 1932, he, the said Fredrick Clavel, [reposing great trust and confidence in the defendant,] [and acting upon her advice and at her request,] voluntarily delivered into her hands and assigned and transferred to her, in trust, all of his said moneys, promissory notes, contracts for the payment of money, mortgages, real estate securities and liens, lands and personal property, of the value in the aggregate of not less than $150,000.00, [and constituting the entire fortune and estate of the said Fredrick Clavel,] all of which property and estate the said defendant knowingly accepted and received [as the trusted agent and confidential adviser and business manager of the said Fredrick Clavel,] and agreed to collect, invest and reinvest, control and manage the same for the sole use and benefit of the said Fredrick Clavel, and to account for and pay over to the said Fredrick Clavel the income, earnings, proceeds and corpus of said estate at any time upon demand.

"4. That during the period between June 2, 1917, and the date of the death of the said Fredrick Clavel, to-wit, December 7, 1932, the defendant herein, [acting as such trustee and in compliance with the terms of said trust, and in full recognition of said trust,] did pay to the said Fredrick Clavel certain small items of money from time to time, upon numerous occasions, [whenever requested

so to do by the said Fredrick Clavel,] [and in the amounts requested by him]; that the sum total of all amounts so requested by and paid to the said Fredrick Clavel during said period did not exceed the sum of $15,000.00, [and may have been much less,] and that the defendant, with the exception of said payments aggregating not to exceed $15,000.00, as aforesaid, has never at any time paid over or accounted for any of the assets of said trust estate; [that the said Fredrick Clavel, during the last ten years of said period, did not have or keep any bank account, and during all of said period he did not have or attempt to keep any books of account, and never at any time during said period had or kept any written list or other memoranda or account of or relating to any of the properties and interests which he so assigned and transferred to the defendant, in trust, as aforesaid;] [that this plaintiff has never at any time received or kept any written account or other memoranda of or concerning any of said numerous transactions between the defendant and the said Fredrick Clavel, or in any manner relating to said trust, and that the plaintiff is not sufficiently familiar with the English language to enable her to know or comprehend the nature or purport of writings and documents inscribed in said language;] [that the said Fredrick Clavel was not accustomed or able to read the English language and that he was accustomed to leave to the defendant the preparation and interpretation of all documents and papers pertaining to his said business and property interests, trusting implicitly at all times in her judgment and good faith as his confidential agent and adviser;] that by reason of all of said matters the plaintiff can not now give any definite listing or description of said trust properties, or any more definite estimate of the value thereof than as hereinbefore alleged.

"5. That plaintiff is informed and believes, and upon such information and belief alleges the fact to be, that

the defendant herein, acting as such trustee, has, during years intervening since she became such trustee, as aforesaid, collected the proceeds of many of said original notes and securities so transferred to her in trust by the said Fredrick Clavel, and has, from time to time, invested and reinvested the same, together with the accumulations thereof in other securities and properties, and has, from time to time, without the knowledge or consent of the said Fredrick Clavel, commingled the trust funds so collected and reinvested by her with other funds of her own, and invested and reinvested the same and collected and used for her own benefit the income and proceeds derived therefrom, and has, from time to time, exchanged some of said trust properties, notes and securities for other and different securities and properties, both real and personal, and has commingled the trust moneys and funds in her hands with funds of her own and then invested and reinvested the same in interest-bearing securities taken and held in her own name without the knowledge or consent of the said Fredrick Clavel and in violation of said trust; that as the plaintiff is informed and believes, and therefore alleges the fact to be, the said defendant, in her management and handling of said trust estate, has accumulated a large number of valuable interest-bearing securities, in such manner and with such success that the value of said trust estate now in her hands and standing in her name is greatly in excess of the original value thereof, and that she has fraudulently, in violation of her trust obligations, converted the same and all thereof to her own use.

"6. That the said defendant, upon the death of the said Fredrick Clavel, for the first time to the knowledge of the plaintiff, wrongfully and fraudulently repudiated said trust and her obligations thereunder, and upon demand made by this plaintiff she has refused, and now refuses, to account for the said trust estate or any part thereof, and is now falsely and fraudulently claiming the

same as her own separate property and estate; and that, to enable this plaintiff to recover from the defendant the assets justly belonging to said estate, it is imperative that the defendant shall be compelled to account therefor in this proceeding, and to pay over to this plaintiff upon such accounting the moneys and properties that shall be found to be due to said estate; that the transactions involved in any such accounting are numerous and intricately complicated, and extend over a long period of years, and will require the production of the public records of a number of counties, and the testimony and examination of a large number of witnesses.

"Wherefore, Plaintiff prays that the defendant be required to account to this plaintiff for all of her acts and doings as such trustee; that a master be appointed by the court to take such accounting and report the same to this court within a time to be fixed and in a manner to be provided by the order of reference; that upon final hearing the defendant be required, by decree of court, to pay over, deliver and transfer to the plaintiff all money and property that shall be found to be due and owing by said defendant to said estate; that the plaintiff have such other, further and general relief as may be deemed just and equitable, together with her costs in this behalf incurred."

Plaintiff's bill of particulars consists of eleven paragraphs. Each of the first seven, not challenged other than by demurrer going to the complaint as amended thereby, sets forth a transaction indicating as indebtedness—evidenced by a quoted writing—due plaintiff's decedent from a signing debtor, secured by deed of trust, the place, book and page of recordation thereof being given. It is alleged in the bill of particulars that these items are of those placed with defendant in trust, for which, as alleged generally in the complaint, she has not accounted. The remaining four paragraphs were stricken. They read as follows:

"8. The plaintiff is informed and believes, and therefore alleges the fact to be, that in addition to the seven items of personal property so transferred by the said Frederic Clavel to the defendant, in trust, as aforesaid, and as hereinbefore described, the said Frederic Clavel assigned, transferred and delivered over to the said defendant, in trust, for his own use and benefit, divers other promissory notes, demands and contracts, and various sums of money, chattels and effects, the nature of which is unknown to the plaintiff, and a more particular description of which the plaintiff is unable to give, and the value of which is unknown to the plaintiff.

"9. Plaintiff is informed and believes, and therefore alleges the fact to be, that the transfer, assignment and delivery to the defendant, in trust, of the said several items of personal property owned by the said Frederic Clavel, was effected at different times between June 2, 1917, and December 1, 1932, and that this plaintiff does not know the date upon which any of such transfers and assignments was made, and is unable to give any definite date as to any thereof.

"10. That the plaintiff is informed and believes, and therefore alleges the fact to be, that the defendant, after having accepted and received said various items of property, in trust, as aforesaid, did thereafter from time to time convert the same into money or other property, taken by her in her own name, and that this plaintiff does not know and cannot state any accurate description of any of such property or the amount of money so received by defendant, or when and in what manner the same was invested by the defendant.

"11. Plaintiff further alleges and states that she is unable to ascertain or set forth a more particular description of the personal property of the said Frederic Clavel that was assigned, transferred and delivered over to the defendant in trust, as hereinbefore and in the complaint alleged; that she is unable to give a more definite state-

ment or estimate of the value thereof than as herein-above set forth and in the complaint alleged; that she does not know and cannot state definitely or accurately any date upon which any of said property was so trans-ferred and assigned to the defendant by the said Frederic Clavel. The plaintiff alleges, however, that said transfers and assignments were made from time to time, over a period of years, between June 2, 1917 and December 1, 1932, and that the greater portion thereof were made prior to the year 1925, as plaintiff is informed and believes.''

Concerning the matter stricken from the complaint, we think that in the first fourteen instances the court rightly resolved the question. Generally, the eliminated language was by way of recital—not permissible. *Ilfeld v. Ziegler*, 40 Colo. 401, 91 Pac. 825; *Leadville Water Co. v. Leadville*, 22 Colo. 297, 45 Pac. 362; *Rocky Mountain Co. v. Kovaics*, 26 Colo. App. 554, 144 Pac. 863. See, also, Pomeroy's Code Remedies (5th Ed.), note p. 863; Bates' Pleading (4th Ed.), p. 214, §245; 21 R. C. L., p. 448, §11; Bliss Code Pleading (3d Ed.), p. 463, §318; 49 C. J., p. 90, §88. In the remaining instances, however, there were direct allegations, sufficiently important, as we appraise the scope of the complaint, to warrant their retention.

We think the paragraphs stricken from the bill of particulars were not properly subjected to that order. Considering the nature of the suit, the alleged relationship of defendant to the matter involved, and the representative capacity of plaintiff, the excluded allegations were pertinent. They tended to explain the difficulties under which plaintiff labored in attempting to comply with the court's earlier order to make the complaint more definite and certain, and they amplify like allegations in the complaint, of which they became a part. They are understandable and issuable.

The complaint as amended by the bill of particu-

lars is free from ambiguity, and states a cause of action. The charge, shortly stated, is that plaintiff's decedent had given into defendant's keeping in trust, to be accounted for, substantial properties for which she did not account while the trustor lived, and that she refuses to account therefor to the representative of his estate. It is not fitting that defendant stand absolved from making answer. *Hicks v. Pack Lock Bolt Co.*, 72 Colo. 480, 211 Pac. 371; *Wilson v. Kent*, 38 Colo. 492, 88 Pac. 461.

Let the judgment be reversed.

MR. JUSTICE BOUCK not participating.